389 So.2d 1318 (1980)
STATE of Louisiana
v.
Douglas Wayne JOHNSON.
No. 67263.
Supreme Court of Louisiana.
October 6, 1980.
Rehearing Denied November 10, 1980.
*1319 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon A. Picou, Jr., Dist. Atty., W. E. Woodward, Asst. Dist. Atty., A. Z. Butterworth, Sp. Asst. Dist. Atty., for plaintiff-appellee.
Clayton Mack Perkins, Jr., St. Francisville, for defendant-appellant.
BLANCHE, Justice.
Defendant, Douglas Wayne Johnson, was charged by bill of information with having committed a theft of $162.12. Following trial, a six-member jury returned a unanimous verdict of guilty as charged. On the date set for sentencing, a motion for a new trial was heard and denied. Thereafter, defendant was sentenced to two years imprisonment at hard labor. On appeal to this Court, the defendant argues five assignments of error.
The facts surrounding the commission of the offense are summarized as follows: On January 5, 1979, the defendant went to Scott's Grocery in East Feliciana Parish and, while there, cashed a check in the amount of $162.12. The check was drawn on the account of Baskets Plus, Inc. in the Fidelity National Bank, and was made payable to Herman Jackson. In cashing the check, the defendant presented as evidence of his identification an altered driver's license. The license was issued to one Herman C. Jackson, but contained a photograph of the defendant. After the check was presented to the bank for payment by Scott's Grocery, it was returned with the notation that the signature was irregular and the endorsement cancelled.
Subsequent to this incident a man, allegedly fitting the defendant's description, attempted to cash a check at the Neighborhood Grocery in Zachary, Louisiana. Neighborhood's proprietor, Mrs. Wheat, became suspicious and called the police when she noticed that the license used for the identification had been tampered with, or seemed to her irregular. Thereafter, the defendant was arrested and was subsequently identified as the person pictured in the altered license who had cashed a check at Scott's Grocery.

Assignment of Error Number 1
By this assignment, the defendant contends that the trial court erred in not suppressing the eyewitness identification of defendant pursuant to a pre-trial lineup. In the course of the hearing, defendant contended that two lineups were conducted-one at the East Feliciana Parish Jail and one at the East Baton Rouge Parish Jail. The state denied that any lineup was conducted in the East Feliciana Parish Jail. The trial judge, while doubting that an East Feliciana Parish lineup had been conducted, suppressed whatever identification was purportedly made at that lineup, but denied the motion relative to the East Baton Rouge lineup.
Notwithstanding the fact that the trial judge suppressed the alleged East Feliciana Parish lineup, the defendant, arguing that one did occur, takes the position in this assignment that, because he had no knowledge of the witnesses attending the lineup in the East Feliciana Parish Jail, all eyewitness identification should be suppressed, including any identification made of him at the East Baton Rouge Parish lineup. We find that this contention is without merit. The only witness to identify the defendant at the East Baton Rouge lineup was the victim, who testified that he did not participate in any lineup in East Feliciana Parish.
At the hearing on defendant's motion to suppress, the complaining witness and owner of Scott's Grocery, Walter Jackson, testified that he identified the defendant at an East Baton Rouge Parish lineup and, as *1320 stated above, denied participation in any earlier lineups. In particular, he denied participation in any lineup in East Feliciana Parish. Jackson also explained that he had been to the East Feliciana Parish Prison where the defendant was locked up, but had gone there only to talk to the district attorney, and not to identify anyone. He further testified that he had known the defendant and had seen the defendant on numerous occasions over a period of three years or more, had cashed several checks for him, and knew the defendant's face. He was positive that the person whom he recognized in the lineup was the same person who had cashed the check at his store. This positive identification by the victim, based upon the above factors, insures the reliability of the defendant's identification. Thus, we conclude that the defendant's identification by the victim came from a source independent of any alleged taint resulting from the East Feliciana Parish lineup in which this victim claims he did not participate.
It is well established that even if a pre-trial identification of an accused was the product of impermissible suggestion, the in-court identification is, nevertheless, admissible if it has an independent basis. State v. Rudolph, 332 So.2d 806 (La.1976), and cases therein cited.
This assignment is without merit.

Assignments of Error Numbers 2 and 5
By these assignments, the defendant contends that the trial court erred in denying his motion for a mistrial premised on the opening statement of the state, which referred to inadmissible other crimes evidence.
During the state's opening statement, the prosecutor described the offense for which the defendant stood accused. He related how defendant had presented the check to the victim with the use of a fraudulent driver's license for identification. Completing this factual expose, he continued with the following:
"About two weeks later, the defendant attempted to cash a check in Zachary, Louisiana at a store and again presented the same identification which he had presented to [the victim of the principal action]."
Subsequently, the prosecutor introduced evidence to show that the driver's license utilized in the perpetration of the offense was recovered from the owner of the Neighborhood Grocery Store in Zachary, Louisiana. The store owner testified that she called the police when she noticed that the license used for identification had been tampered with. In the meantime, the suspicious presenter of the license left the store, leaving his license with the store owner, who later tendered it to the police.
Defendant's counsel made a motion for a mistrial when the above remark was made to the jury and, after trial and conviction, made a motion for a new trial, all on the grounds that the above remarks were made in the absence of defense counsel being furnished a "Prieur notice" of the state's intention to produce evidence of other crimes.
Defendant's contention, if accepted, leads to the conclusion that evidence of the crime for which defendant is on trial cannot be introduced if the jury, from the introduction of the evidence, can infer that defendant committed or attempted to commit another crime. While possibly the jury might have concluded that the defendant attempted to pass off a check on the proprietor of the Neighborhood Grocery using the same modus operandi, undoubtedly the evidence was relevant to show how the state came into possession of the license used in the commission of the offense.
Code of Criminal Procedure art. 770 provides:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
. . . . .
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;" (emphasis ours)
*1321 A reading thereof shows that proscription does not apply to other crimes as to which evidence thereof is admissible. Accordingly, the prosecutor's remarks, even if construed as evidence of other crimes committed by the defendant, related to admissible evidence and were not subject to the drastic remedy of mistrial as provided by the article.
Finally, defendant objects to the introduction of the license in evidence. While we are not certain of the grounds upon which this objection is made, our review of the record shows that the evidence complained of was positively, visually identified by the victim and that its chain of custody was proven by two other witnesses called by the state. In State v. Paster, 373 So.2d 170, 177 (La.1979), we stated:
"To admit demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. For the admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is relevant to the case. Lack of positive identification goes to the weight of the evidence rather than to its admissibility. Ultimately, connexity is a factual matter for determination by the trier of fact."
The visual identification by the witnesses, in our opinion, proved beyond a reasonable doubt that the license was that utilized by defendant in cashing the check, and was relevant to the case. These assignments are without merit.
For the above reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.
DENNIS, J., concurs.