446 So.2d 1313 (1984)
STATE of Louisiana, Appellee,
v.
Dennis Keith MARX, Appellant.
No. 15906-KA.
Court of Appeal of Louisiana, Second Circuit.
February 21, 1984.
*1314 Hunter & Scott by Louis G. Scott, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Michael D. Brown, Asst. Dist. Atty., Monroe, for appellee.
Before PRICE, JASPER E. JONES and FRED W. JONES, JJ.
JASPER E. JONES, Judge.
The defendant, Dennis Marx, was charged by bill of information with simple burglary in violation of La.R.S. 14:62. He was found guilty of the charged offense by a six member jury and was sentenced to seven years at hard labor. On appeal defendant relies on two assignments of error for reversal of his conviction and sentence.

FACTS
At around noon on October 23, 1982 Arnold Thompson and Ronnie McManus were working on a piece of machinery in front of a grocery store owned by Thompson. While they were so engaged a maroon Chevrolet Nova, occupied by only the driver, pulled into the store's parking lot and *1315 parked beside Thompson's pickup truck. The pickup was parked some 20-25 feet from where Thompson and McManus were working. Both men noticed that the piece which fits around the headlight was missing from the driver's side of the Nova.
A few minutes after the Nova parked McManus looked up and saw its driver opening the door on Thompson's pickup. McManus yelled and the intruder looked towards him. The intruder then grabbed a shotgun and rifle from inside the pickup and jumped back into the Nova. Both Thompson and McManus rushed toward the Nova. McManus got to within 10-15 feet from the Nova and Thompson got within 2-3 feet. Before speeding off the driver looked squarely at Thompson. As the Nova was leaving Thompson and McManus noticed it had toilet paper wrapped around the license plate. Thompson gave chase in his pickup but abandoned the chase in a few minutes and returned to the store.
McManus immediately called the Ouachita Parish Sheriff's Department and two deputies were dispatched to the store. One of the deputies was Lucky Horne. McManus and Thompson gave a description of the intruder and his car to the deputies.
A few days later Deputy Horne spotted defendant driving a maroon Nova on which there was missing a piece that fits around the headlight on the driver's side. Defendant fit the description of the burglar supplied by McManus and Thompson. Horne followed defendant into the parking lot of an army surplus store where defendant stopped. Horne decided to question defendant and read him his Miranda rights. Horne obtained permission from defendant to take pictures of his person and his car and took the pictures at the army surplus store.
Horne took the pictures of the car by Thompson's store for identification. Thompson identified the car as being similar to the one driven by the burglar. McManus was not in the store on that occasion and Horne later showed him the pictures of the car. McManus also stated the car was similar to the one used by the burglar.
Approximately ten days after the burglary Horne had Thompson and McManus come to the sheriff's department for a photographic lineup. Seven photographs were randomly laid on a table for them to view. Each pictured a white male in the 25-30 age range with similar facial characteristics. One was a picture of the defendant. The only noteworthy difference in the photos is that defendant's was taken outside on a parking lot while the others were taken inside a building. Thompson and McManus were brought into the room and viewed the photos at the same time. A deputy asked them if one was a photo of the burglar. They both indicated yes. The deputy then asked them to point out which one. Thompson pointed out defendant's photo before McManus picked one. McManus subsequently picked the same photo.
Prior to trial defendant moved to suppress the photographic identifications of the car and his person by both McManus and Thompson. After a hearing on the motion the trial court granted the motion to suppress the identifications of the car[1] and the identification of defendant's person by McManus.[2] The motion was denied as to Thompson's identification of defendant's person.
Defendant was tried on May 4 and 5, 1983. At the trial, both McManus and Thompson positively identified defendant as the burglar.
Assignment of Error No. 1
Defendant contends that the photographic identification of his person by Thompson *1316 should have been suppressed as being suggestive.
We do not consider the question of whether the trial court erred in not suppressing the identification. The portions of the record designated by defendant for appeal do not show whether Thompson's photo identification was admitted into evidence.[3] Defendant has not shown that he was prejudiced by the trial court's failure to suppress the identification. Cf. State v. Governor, 331 So.2d 443 (La.1976). We will, however, consider the question of whether the photographic identification was suggestive since that question has bearing on the issue of whether Thompson's in-court identification of defendant was tainted.
An identification by lineup is considered to be suggestive if the pictures or persons used in the lineup display the defendant so singularly that the witness' attention is unduly focused upon the defendant. See State v. Guillot, 353 So.2d 1005 (La.1977); State v. Clark, 437 So.2d 879 (La.App. 2d Cir.1983).
All of the photos used in the lineup, except defendant's, were taken inside. Defendant's was taken outside in the parking lot of the army surplus store. A few days before he viewed the lineup, Thompson was shown pictures of defendant's car at least once. Those pictures were also taken in the parking lot of the surplus store. Although Thompson testified he drew no inference from the background in defendant's picture, it is possible he connected that picture with the picture of the car since they were taken at the same location. The officer should have used a photo of defendant in the lineup that was not taken at the same location as the car and a photo taken inside as were the pictures of the other men included within the lineup. A finding that the photo identification was suggestive does not mean that the identification was inadmissible or that the trial court erred in failing to suppress it. Even if an identification procedure is suggestive, the identification is admissible if the totality of the circumstances demonstrate that the identification was reliable. State v. Davis, 385 So.2d 193 (La.1980).
Assignment of Error No. 2
Defendant contends the in-court identifications by Thompson and McManus were erroneously admitted into evidence because of the taint of the suggestive photo identifications.
It is well settled that a tainted pretrial identification does not render an in-court identification inadmissible if the in-court identification is reliable and has an independent basis. State v. Passman, 345 So.2d 874 (La.1977); State v. Davis, 385 So.2d 193 (La.1980); State v. Johnson, 389 So.2d 1318 (La.1980); State v. Frisco, 411 So.2d 37 (La.1982); State v. Winn, 412 So.2d 1337 (La.1982). Cf. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
It is the likelihood of misidentification which violates due process, not merely the suggestive identification procedure. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Guillot, supra; State v. Clark, supra.
A five factor test is generally used for determining when an identification is reliable and independent of a primary taint. The factors are: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and the confrontation. Neil v. Biggers, supra; Manson v. Brathwaite, supra; *1317 State v. Guillot, supra; State v. Davis, supra; State v. Clark, supra.
An application of these factors to the facts of the instant case reveals the following:
1. The opportunity to view: The burglary occurred during daylight. Approximately 10-15 minutes passed between the time defendant pulled into the grocery and the time he left. Both McManus and Thompson viewed defendant intermittently during this time and defendant looked squarely into the face of each man at least once. Thompson got to within 2-3 feet of defendant and McManus got to within 10-15 feet.
2. The degree of attention: Both witnesses had their attention riveted to defendant from the time McManus saw him attempting to gain entry into the pickup.
3. The accuracy of the description: Both witnesses gave accurate descriptions. Deputy Horne had no trouble in recognizing defendant as a suspect from the descriptions.
4. The level of certainty: Both witnesses positively identified defendant at trial.
5. The time between the crime and the confrontation: Approximately 6½ months elapsed between the crime and the trial.[4]
Weighing the above factors, we find that Thompson's and McManus' in-court identifications were reliable and independent from any suggestiveness in the photographic identifications. There is no substantial likelihood that they misidentified defendant.
The conviction and sentence are AFFIRMED.
NOTES
[1] At trial defendant withdrew his motion to suppress the photos of the car.
[2] The trial judge felt that the identification of defendant's person by McManus was unduly suggestive since he had seen Thompson select a photo before he selected one. We agree with the trial court and believe that it is an unwise practice to have two witnesses view a photo lineup at the same time. Such a practice opens the entire identification process to question.
[3] The only portions of the trial transcript defendant designated for appeal was the testimony of Thompson and McManus. The photo identification by Thompson was not mentioned during his testimony. Neither the defendant's nor the state's brief mentions whether Thompson's identification was admitted at another time.
[4] The United States Supreme Court approved an identification as reliable where there was a 7 month interval between the crime and identification. Neil v. Biggers, supra.