511 So.2d 1207 (1987)
STATE of Louisiana, Appellee,
v.
Carlin COTTON, Appellant.
No. 18736-KA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1987.
*1208 Benjamin Jones, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., Michael Jedynak, Asst. Dist. Atty., Monroe, for appellee.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
*1209 LINDSAY, Judge.
The defendant, Carlin Cotton, was charged by bill of information with two counts of felony theft, violations of LSA-R.S. 14:67. The defendant was tried by a jury and found guilty as charged on both counts. The defendant was sentenced to serve five years at hard labor for count one and two years at hard labor for count two, with the sentences to run concurrently. The defendant has appealed his convictions. For the following reasons, we affirm.

FACTS
On September 2, 1985, Clayton Copes, owner of the Copes I-20 Texaco gas station in Monroe, Louisiana, was approached by a black male who asked for $2.00 in change. Copes gave the man change and went outside the station to wait on a customer. When Mr. Copes returned, the man asked for an additional dollar in change. At that time, Copes noticed that the handle on his cash register was turned down, indicating that the cash register had been opened. Approximately $350.00 in currency was missing from the cash register. The black male had been the only person in the office while Copes was not present. Copes confronted the man about the loss of the money. The man denied taking the money, refused to wait until police were summoned and walked briskly away.
At about the time the black male was departing, Mr. Grady Kight drove up to the gas station. At Mr. Copes' request, Mr. Kight followed the man. Mr. Kight caught up with man, later identified as the defendant, and asked him to return to the service station. The man denied taking any money from the gas station and then got into a blue Chevrolet, being driven by another individual, and departed. Mr. Kight copied down the license number of the vehicle and turned this information over to the police.
The investigating officers learned that the blue Chevrolet was owned by David Banks. Mr. Banks stated he was approached by a black male who offered him $10.00 for a ride and Mr. Banks complied. Mr. Banks indicated that the man was wearing shorts and a striped shirt. Although the investigation of this theft continued, no arrest was made at that time.
On September 9, 1985, another theft occurred. On that date, at around 10:30 a.m., Michael Rawls, who was working at his father's business, the Mid City Exxon gas station, observed a black male walking near the station. A few minutes later, Mr. Rawls saw the same man, the defendant, walking out of the station. The defendant then walked back into the station and obtained one dollar in change from Mr. Rawls. About thirty minutes later, Mr. Rawls discovered that a bank deposit bag containing $852.00 was missing from its proper place. The bag contained five $100.00 bills, one $50.00 bill, several $20.00 bills and forty to fifty $1.00 bills. The bag was quickly found behind a desk, but $850.00 was missing. Mr. Rawls called the police and gave a detailed description of the suspect. The description was broadcast by police radio.
Soon after the discovery of the theft from Rawl's Mid City Exxon, and only a short distance away, police officers saw the defendant, who fit the description of the suspect, walking near a sporting goods store. The defendant was stopped for questioning and in a pat down search, a roll of forty-three $1.00 bills was found. The defendant agreed to accompany the police officers back to the gas station. When the defendant and the police officers returned to the gas station, Mr. Rawls identified the defendant as the individual who had been there earlier that morning. The defendant was then placed under arrest.
Pursuant to a search following the defendant's arrest, $645.00 was found in his right sock, including five $100.00 bills. $70.00 was found in the back pocket of the defendant's pants. It was also determined that the defendant had purchased a pair of jeans, a pair of shoes, and had eaten at a fast food establishment. Refunds were obtained for the jeans and shoes and a total of $844.00 was returned to Mr. Rawls.
Following the defendant's arrest, and as a part of the investigation of the theft from Copes I-20 Texaco station, a photographic lineup was prepared and shown to Mr. *1210 Copes and Mr. Banks. Mr. Copes was unable to positively identify the defendant from the photographic lineup, although he did identify the defendant at trial. However, Mr. Banks did identify the defendant as the person to whom he gave the ride immediately after the theft occurred.
The defendant was charged with two counts of high grade felony theft. At the conclusion of his trial, the jury found the defendant guilty as charged on each count. The defendant has appealed his convictions, urging several assignments of error.

ASSIGNMENT OF ERROR ONE
The defendant argues that the trial court erred in denying his motion to suppress evidence, contending that his arrest was illegal, as was the manner in which his pretrial identifications were obtained. Specifically, the defendant argues that he was arrested without probable cause and he argues that the identification procedures used in both the one-on-one confrontation and the photographic line-up were unconstitutionally suggestive. The defendant's arguments are meritless.
The defendant first argues that his arrest was invalid due to a lack of probable cause for the arrest and therefore all evidence obtained pursuant to the arrest should be suppressed. The defendant argues that he was not wearing unusual clothing on the morning he was stopped by police near the sporting goods store. He also argues that the fact that he was carrying a large roll of $1.00 bills did not provide probable cause to arrest him for theft.
The uncontroverted testimony in the record shows that the defendant was not arrested following his stop by police in front of the sporting goods store. After the report of the theft by Mr. Rawls on September 9, 1985, a detailed description of the suspect was broadcast to law enforcement officers. The suspect was described as a black male, in his early twenties, with short Afro type hair, wearing gray silky type pants and a striped pullover shirt. The defendant was stopped because he fit the description given by Mr. Rawls, the victim of the theft and, while detained, the defendant was found to be in possession of a roll of forty-three $1 bills.
Based upon the information possessed by the officers, they were clearly entitled to make an investigatory stop and pat-down search of the defendant pursuant to LSA-C.Cr.P. Art. 215.1. A valid investigatory stop is based upon reasonable suspicion, a somewhat lesser standard than probable cause to arrest. State v. Chaney, 423 So.2d 1092 (La.1982). Probable cause to arrest exists when a law enforcement officer has reasonable and trustworthy information about facts and circumstances sufficient to sustain the belief of a reasonable man that the person has committed or is committing a crime. LSA-C.Cr.P. Art. 213, State v. Chaney, supra. In this case, the law enforcement officers possessed the requisite reasonable suspicion to make an investigatory stop and conduct a pat-down search of the defendant. Based upon the defendant's consent, the officers were entitled to return with the defendant to the Exxon station for identification.
Further, our review of the record reveals that even if it could be said that the defendant was under arrest when he accompanied the officers back to the Mid City Exxon station for Mr. Rawl's identification, we believe that probable cause existed for the arrest at that time. As indicated above, a detailed description of the suspect had been given to the police officers by Mr. Rawls just a short time before the defendant was stopped. The defendant matched the detailed description which had been given to the officers by Mr. Rawls. The defendant was stopped a short distance from the scene of the crime and within a short time after its commission. Further, after being stopped and frisked, the officers found a large number of $1 bills on the defendant's person matching the denomination of money taken during the commission of the theft. Considering all these facts and circumstances, the officers had probable cause to arrest the defendant at that time.
However, as previously noted, the defendant was not placed under arrest during *1211 the investigatory stop and investigation. The defendant voluntarily consented to accompany the law enforcement officers to the Mid City Exxon station where he was positively identified by Mr. Rawls as the individual who had taken the money from the gas station. At that point, the defendant was arrested based upon probable cause to believe that he was the person who had committed the theft. It was only at that time that the defendant was in fact arrested. Therefore, defendant's argument that his arrest was illegal is without merit.
The defendant also argues the trial court erred in failing to suppress the identifications made of him both in the one-on-one confrontation with Mr. Rawls and the photographic line-up with Mr. Banks because the identifications were unconstitutionally suggestive. Defendant's arguments are meritless.
A defendant attempting to suppress an identification must prove both that the identification itself was suggestive and that there is a likelihood of misidentification as a result of the identification procedure. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Chaney, supra.
However, even if the court finds that the procedure used was suggestive, an identification will be admitted if, under the totality of the circumstances, the identification is found to be reliable. State v. Davis, 409 So.2d 268 (La.1982); State v. Dauzat, 364 So.2d 1000 (La.1978).
Factors to be considered in determining the reliability of an identification are: (1) the witness' opportunity to view the suspect at the time the crime was committed; (2) the degree of attention paid by the witness during the commission of the crime; (3) the accuracy of any prior description; (4) the level of the witness' certainty displayed at the time of identification; and (5) the length of time elapsed between the crime and the identification. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
The defendant argues that the one-on-one confrontation with Mr. Rawls was unduly suggestive and that law enforcement officials should have conducted a physical line-up. We find that the one-on-one identification was not unduly suggestive.
One-on-one confrontations between a suspect and a victim, while not favored by the law, are permissible when justified by the overall circumstances. Such identification procedures are generally permitted where the accused is apprehended within a short time after the commission of the offense and is returned to the scene of the crime for on-the-spot identification or when the identification is made shortly after the commission of the crime. State v. Evans, 485 So.2d 161 (La.App. 2d Cir.1986), writs denied, 488 So.2d 687, 688 (La.1986). Such a prompt identification, under appropriate circumstances, promotes accuracy as well as expediting the release of innocent suspects. State v. Williams, 420 So.2d 1116 (La.1982); State v. Bickham, 404 So.2d 929 (La.1981); State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir.1983); State v. Simone, 428 So.2d 1226 (La.App. 3rd Cir. 1983).
In the present case, the one-on-one confrontation between the defendant and Mr. Rawls was justified by the overall circumstances. The defendant, who fit the description given by Mr. Rawls, was apprehended a short time after the theft at the gas station occurred. A large number of $1.00 bills was taken in the theft. The defendant was in possession of a large number of $1.00 bills. The defendant voluntarily agreed to return with law enforcement officers to the scene of the crime. This procedure promoted accuracy of identification and, had the defendant been innocent, would have expedited his release without necessitating an arrest. Therefore, the use of the one-on-one confrontation in identifying the defendant as the suspect in the theft at the Exxon gas station was proper and was not unduly suggestive.
However, even if the identification had been suggestive, there was little likelihood *1212 of misidentification as a result of this procedure. Mr. Rawls had ample opportunity to observe the defendant at the time the crime was committed. The witness was paying attention to who went in and out of the gas station office, the witness gave an accurate description to law enforcement officers which resulted in the apprehension of the defendant, the witness was certain in his identification of the defendant, and only a short period of time had elapsed since the commission of the offense. Considering these factors, the defendant failed to show that the identification by Mr. Rawls in the one-on-one confrontation was unduly suggestive or that there was a likelihood of misidentification. Therefore, the trial court was correct in denying the motion to suppress the identification by Mr. Rawls.
The defendant also sought to suppress Mr. Banks' identification of him as the perpetrator of the prior theft at the Copes I-20 Texaco Station on September 2, 1985. Mr. Banks testified in court that the person to whom he gave a ride was wearing a striped shirt. The defendant argues that the photographic line-up was unduly suggestive because he was the only person in the line-up wearing a striped shirt.
A line-up is unduly suggestive if the procedure displays the defendant in such a manner that the witness' attention is focused on the defendant. State v. Neslo, 433 So.2d 73 (La.1983); State v. Lewis, 478 So.2d 665 (La.App. 2d Cir.1985); State v. Jones, 457 So.2d 110 (La.App. 2d Cir.1984), writ denied, 462 So.2d 207 (La.1985); State v. Marx, 446 So.2d 1313 (La.App. 2d Cir. 1984); State v. White, 446 So.2d 1317 (La. App. 2d Cir.1984), writ denied, 450 So.2d 957 (La.1984); State v. Clark, 437 So.2d 879 (La.App. 2d Cir.1983), writ denied, 442 So.2d 460 (La.1983).
The pictures used in the photographic line-up were filed into evidence and form a part of the record in this case. Our review of those photographs does not indicate that the striped shirt worn by the defendant focuses attention upon him so as to make the line-up unduly suggestive. The individuals contained in this line-up are of similar height, weight, age and appearance. All of the photographs have a similar background and all of the individuals pictured in the line-up were wearing various forms of casual street clothing. Also, there is nothing in the record to indicate that, in making his identification, Mr. Banks focused on the clothing worn by the defendant, rather than his overall physical appearance. Therefore, this identification procedure was not suggestive.
In addition, the record does not indicate that the use of a photographic line-up in this case was tainted by the likelihood of misidentification. Mr. Banks gave the defendant a ride during daylight hours and had ample opportunity to observe him. The testimony given by Mr. Banks clearly showed that he paid attention to the defendant during their encounter. Mr. Banks and the defendant were close together for several minutes and Mr. Banks had adequate opportunity to observe and later identify the defendant. Mr. Banks made a positive identification of the defendant from the photographic line-up. Also, Mr. Banks' identification of the defendant was made on September 10, 1985, only eight days after the date upon which he observed the defendant.
The defendant failed to show that the photographic line-up was unduly suggestive or unreliable and, therefore, the trial court was correct in denying the defendant's motion to suppress the identification of him by Mr. Banks.
This assignment of error has no merit.

ASSIGNMENT OF ERROR TWO
The defendant argues that the trial court erred in admitting into evidence photocopies of the money taken from him following his arrest on September 9, 1985. The defendant claims that the photocopies were not authenticated. He also contends that there was no showing made that the money represented by the photocopies was the same money taken from Rawls' Exxon station. The defendant's arguments are meritless.
*1213 The defendant was charged under LSA-R.S. 14:67, which prescribes a specific penalty for the crime of theft, depending upon the value of the property taken. Therefore, the State was required to prove, as an element of the offense, the amount of money taken in the thefts.
LSA-R.S. 15:436.1 provides in pertinent part:
A photograph of property alleged to be the object of a theft, otherwise admissible, may be admitted into evidence without regard to the availability of the property itself.
Therefore, with proper authentication, photocopies of the money taken from the defendant were properly admissible rather than requiring that the money itself be admitted.
The record shows that the photocopies of the money were properly authenticated. Detective Ron Schleuter, of the Monroe Police Department, testified that he and his partner patted down the defendant pursuant to the investigatory stop and also searched the defendant following his arrest for theft. These searches resulted in the recovery of a large amount of money. Det. Schleuter testified that he witnessed the execution of an affidavit of value and ownership by Mr. Rawls. The money was then copied by Det. Schleuter's partner, Officer Danny Miller. The money was released to Mr. Rawls and the photocopies of the money were attached to the affidavit of value and ownership. The copies of the money were broken down by the area of the defendant's clothing where the money was found, such as the defendant's socks or pants pockets. The money refunded for goods purchased by the defendant shortly before his arrest was also labeled as to the business from which the money had been refunded.
Det. Schleuter was present when the actual money was taken from the defendant and he testified that these photocopies were made from that money. Where mechanical reproductions of an original are the substantial equivalent of an original, admission of such over objection is reversible error only on a showing that the content of the purported copy does not accurately reflect that of the original. State v. Square, 433 So.2d 104 (La.1983); State v. Stuart, 344 So.2d 1006 (La.1977).
There is no indication that the photocopies of the money did not accurately represent the money which was the subject of the theft. Therefore, the trial court was correct in admitting into evidence the photocopies of the money which the officers recovered.

ASSIGNMENT OF ERROR THREE
The defendant argues that the trial court erred in admitting into evidence a deposit slip showing the amount of money contained in the bank bag which was prepared by the owner of Rawls' Mid City Exxon gas station on September 9, 1985. At trial, the defendant argued that the State failed to property authenticate the deposit slip and therefore, admission of the slip into evidence was error. In his brief, the defendant argues that even though the deposit slip fell under the business records exception to the hearsay rule, the foundation necessary for the introduction of such a business record was not laid. We find that the defendant's argument is correct, however, the admission of the deposit slip constituted harmless error. LSA-C.Cr.P. Art. 921.
The deposit slip was prepared by the owner of the Mid City Exxon gas station. The owner of the station is the father of Michael Rawls. Michael Rawls testified at trial, although his father did not. Michael Rawls testified that he was present when the money was counted and that he saw his father make out the deposit slip. However, Michael Rawls did not personally make out the deposit slip and no reason was given as to why his father was not called as a witness to testify at the trial.
Hearsay evidence is in court testimony or written evidence of a statement made out of court which is offered to show the truth of the matter asserted and rests for its value upon the credibility of the out of court declarant. State v. Martin, 458 So.2d 454 (La.1984). The deposit slip was admitted to show the amount of money *1214 taken in the robbery and was, therefore, hearsay evidence.
Certain records kept in the ordinary course of business may be admitted as an exception to the hearsay rule. Before the business records exception to the hearsay rule may be invoked by the State against the defendant to allow the introduction of a permanent record made in the ordinary course of business from personal knowledge of the facts recorded or from information furnished to one having a business duty to observe and report the facts, it must be shown that the person who made the record is genuinely unavailable for testimony, that he had no strong motive to misrepresent and that in all probability the evidence is trustworthy. State v. Vessell, 450 So.2d 938 (La.1984); State v. Perniciaro, 374 So.2d 1244 (La.1979); State v. Monroe, 345 So.2d 1185 (La.1977).
In the present case the defendant admits that the deposit slip was kept in the ordinary course of business and, therefore, constituted a business record. However, no showing was made that the individual who prepared the deposit slip was unavailable to testify. Therefore, the deposit slip was not properly admitted into evidence.
However, the admission of the deposit slip into evidence did not constitute reversible error. In determining whether error is harmless, the reviewing court must determine whether there is a reasonable possibility that erroneously admitted evidence might have contributed to the conviction and the court must be able to declare a belief that the error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Gibson, 391 So.2d 421 (La.1980). A trial court's erroneous ruling on admissibility of an item of evidence does not warrant reversal of a conviction unless the error is prejudicial to the defendant. LSA-C.Cr.P. Art. 921; State v. Johnson, 457 So.2d 732 (La.App. 2d Cir.1984), writ denied, 460 So.2d 608 (La.1984). Where inadmissible hearsay is improperly introduced at trial, but the testimony is merely cumulative of the other properly introduced testimony, it is harmless error. State v. Guin, 444 So.2d 625 (La.App. 3rd Cir.1983).
In the present case, the deposit slip was admitted into evidence in order to show the amount of money taken in the theft. Michael Rawls was present when the money in the bank bag was counted and was able to testify from his first hand knowledge as to the amount of money taken from the bank bag. Therefore, admission of the deposit slip was merely cummulative of the other properly admitted testimony and the admission of the deposit slip constituted harmless error.

ASSIGNMENTS OF ERROR FOUR THROUGH SEVEN
The defendant's assignments of error four through seven were not briefed or argued in brief and are considered abandoned. State v. Williams, 338 So.2d 672 (La.1976); State v. Domingue, 298 So.2d 723 (La.1974).

CONCLUSION
For the above stated reasons, the convictions of the defendant, Carlin Cotton, are affirmed.
AFFIRMED.