535 So.2d 973 (1988)
STATE of Louisiana, Appellee,
v.
Frank C. COLLINS, Appellant.
No. 19952-KA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 1988.
Writ Denied December 2, 1988.
*974 Smith & Hingle by Gilmer P. Hingle, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Charles B. Bice, Dist. Atty., Winnfield, for appellee.
Before MARVIN, JASPER E. JONES and NORRIS, JJ.
JASPER E. JONES, Judge.
The defendant, Frank C. Collins, was charged by bill of information with two counts of distribution of a controlled dangerous substance, cocaine, in violation of LSA-R.S. 40:967. After trial by jury the defendant was found guilty of both counts. The trial court sentenced the defendant to serve six years at hard labor and imposed a fine of $5,000.00 on count one with an additional year at hard labor in default of payment of the fine. On count two, the trial court sentenced the defendant to six years at hard labor to run concurrently with the sentence imposed for conviction of count one. The defendant now appeals his conviction and sentence urging nine assignments of error. We affirm.

FACTS
Viewed in the light most favorable to the prosecution, the record reveals the following facts.
On January 22, 1987, Officer Robert Tarver of the Louisiana State Police was working an undercover narcotics assignment in *975 Winnfield. On that date, accompanied by confidential informant Mark Goss, Officer Tarver told the defendant he wished to buy some cocaine. The defendant accepted $100 from the undercover officer in compliance with this request. While the informant and Officer Tarver waited in their vehicle parked in front of a local residence, the defendant entered said residence and shortly returned, giving a white substance later determined to be cocaine to Officer Tarver and his companion.
On February 11, 1987, Deputy Reginald Fields, employed by the Natchitoches Parish Sheriff's Office, as an undercover police officer, drove to a residence located in Winnfield. After relating a request for cocaine to the defendant, the defendant entered the residence and returned with a substance contained in a small jewelry bag later determined to be cocaine for which Deputy Fields paid the defendant $50.00.
The defendant was arrested in April, 1987, in connection with the transactions and charged by bill of information with two counts of distribution of a controlled dangerous substance, cocaine, in violation of LSA-R.S. 40:967. Defendant was convicted of both counts by a twelve-man jury. The defendant now appeals his convictions and sentences.

ASSIGNMENTS OF ERROR
On appeal, the defendant urges nine assignments of error, which present the following issues for review:
(1) Did the trial court err in accepting Kevin Fortney as an expert witness in the area of controlled dangerous substances;
(2) Did the trial court err in overruling defense objections to Fortney's testimony relating cocaine is a narcotic drug;
(3) Did the trial court err in allowing the introduction of numerous state's exhibits into evidence;
(4) Did the trial court err in allowing the state to sequester defense witnesses after concluding its presentation of the evidence;
(5) Did the state prove by sufficient evidence every element of the charged crimes; and
(6) Did the trial court comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1 and was the sentence imposed constitutionally excessive.

ASSIGNMENT OF ERROR # 3
By this assignment, the defendant contends the trial court erred in accepting Kevin Don Fortney as an expert witness in the area of chemical analysis of controlled dangerous substances.
The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court. LSA-R.S. 15:466. Competency of expert witnesses is a question of fact within the sound discretion of the trial judge, and his rulings on qualifications of experts will not be disturbed unless clearly wrong. State v. Coleman, 406 So.2d 563 (La.1981); State v. Jones, 457 So.2d 110 (La.App. 2d Cir.1984), writ den., 462 So.2d 207 (La.1985).
The record reflects Mr. Fortney had been employed at the time of trial by the North Louisiana Crime Lab for the past fifteen months as a forensic chemist. Mr. Fortney's undergraduate degree is in biology with a minor in chemistry. Mr. Fortney testified during the course of a week's work he analyzes drugs in ten to fifteen cases involving cocaine, and in addition he analyzes at least 80 cases involving marijuana. In light of Mr. Fortney's educational background and work experience, we find the trial court did not err in recognizing Mr. Fortney as an expert in this area.
This assignment of error is without merit.

ASSIGNMENT OF ERROR # 4
The defendant contends the trial court erred in overruling defense objection to Mr. Fortney's testimony that cocaine is a narcotic drug. The defendant argues no *976 factual basis was stated for Mr. Fortney's opinion. Further, defendant argues this testimony was prejudicial as the trial court had not instructed the jury on this point of law.
Mr. Fortney's testimony that cocaine is a narcotic drug is testimony relating a fact, not an opinion. Cocaine is statutorily defined as a narcotic drug and has been recognized as such by the jurisprudence. LSA-R.S. 40:961(23); State v. Bonanno, 384 So.2d 355 (La.1980). An expert is not required to relate circumstances upon which a factual statement is based. Accordingly, Mr. Fortney was not required to state predicate circumstances for this factual statement.
We also note failure of the trial court to instruct the jury that cocaine is classified as a narcotic drug could only work to defendant's benefit. We reject defendant's contention that prejudice occurred because of a lack of instruction on this point.
This assignment of error is without merit.

ASSIGNMENTS OF ERROR # 5 & # 6
By these assignments, the defendant contends the trial court erred in overruling defense objection to several of the state's exhibits introduced into evidence.
The defendant objected to the introduction of pictures of the defendant and pictures of the house from which the defendant obtained the cocaine. The defendant argued the pictures of the defendant were prejudicial because they were "mug-shots" and were of little probative value as the photographs did not substantially look like the defendant at the time of trial or at the time of the alleged offense. The defendant further objected to the introduction of the photographs of the residence for lack of a proper foundation establishing the pictures depicted the scene at the time of the offense.
A photograph need not be identified by the person who took it to be admissible in evidence. State v. Bates, 397 So.2d 1331 (La.1981); State v. Wiley, 513 So.2d 849 (La.App. 2d Cir.1987), writ den., 522 So.2d 1092 (La.1988). A proper foundation for admission into evidence of a photograph is laid when a witness having personal knowledge of the subject depicted by the photographs identifies it. State v. Lewis, 478 So.2d 665 (La.App. 2d Cir.1985); State v. Bates, supra. Sufficiency of identification of a photograph for purposes of its admissibility into evidence rests largely within the discretion of the trial judge. State v. Strickland, 398 So.2d 1062 (La.1981); State v. Lewis, supra.
In the instant case the photographs (S-2, S-3, S-4) were identified by Officer Tarver as various pictures of the house from which the defendant had exited with the cocaine on January 22, 1987.
As to photograph S-10, Deputy Fields identified the residence pictured as the house from which the defendant exited with the cocaine on February 11, 1987.
Further photographs of the defendant's driver's license and mug-shots (S-1 and S-5) were identified by Officer Tarver as depicting Frank Collins. A mug-shot taken the morning of the arrest (S-9) was identified by Deputy Fields as the defendant.
We conclude these photographs discussed were properly identified prior to their admission into evidence.
Defendant also objected to the introduction of a brown envelope containing a plastic bag of cocaine (S-7) and a jewelry bag containing cocaine (S-11). Defendant contends a proper chain of custody was not demonstrated for the introduction of these exhibits into evidence. Defendant contends the contents of S-7 could have been purchased by Officer Tarver from someone else. Defendant further argues Deputy Fields did not sufficiently mark S-11 before placing it into a glove compartment along with other bags of cocaine previously purchased.
Identification of an item of evidence establishes a proper foundation for its admission into evidence. Identification can be either visual, as by a witness who identified the evidence in court, or by a chain of custody. It suffices if the foundation laid establishes that it is more probable than *977 not that the object is one connected with the case. Lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than the admissibility. State v. Harriman, 469 So.2d 298 (La.App. 2d Cir.1985), and citations therein.
Officer Tarver identified S-7 at trial as the envelope in which he placed the cocaine purchased from the defendant. Officer Tarver stated the envelope retained the same seal across the top and further contained identifying marks made by him. The officer related he submitted the evidence to the crime lab on the day after the transaction.
Deputy Fields identified S-11 [the jewelry bag] as the bag containing cocaine given him by the defendant on February 11. Deputy Fields further stated he transferred the evidence to Officer Gregory Davies later on the same day of the undercover operation.
We conclude the testimony of these witnesses sufficiently identified the evidence presented, thereby establishing a proper foundation for introduction into evidence.
Defendant further objected to the introduction of a crime lab submittal form used by Officer Tarver in submitting the evidence. Officer Tarver testified the form contained his signature and was submitted along with the obtained evidence to Kevin Fortney on January 23, 1987. Defendant argues the existence of this evidence submittal sheet was not divulged to the defendant in compliance with his motion for discovery.[1] The state admits in brief one evidence transmittal sheet, instead of two forms, was attached to the state's notice of intent to offer certificate of analysis into evidence.
At trial, Officer Tarver testified to the essential information contained on the sheet. The trial court, over defense objection, ruled no prejudice to the defendant occurred because S-8 was not attached to the state's notice of intent. The trial court ordered the document admitted into evidence.
A trial court's erroneous ruling on the admissibility of an item of evidence does not warrant reversal of the conviction unless the error is prejudicial to the defendant. State v. Cotton, 511 So.2d 1207 (La. App. 2d Cir.1987). We note Officer Tarver related all important facts on the submittal form prior to its introduction into evidence. We find no error prejudicial to the defendant because of the introduction of S-8 into evidence.
Finally, defendant objects to the introduction of a chain of evidence sheet (S-12) completed by Officer Gregory Davies of the Winn Parish Sheriff's Office. The basis of the defendant's objection is the document prepared by Officer Davies was not the best evidence of the chain of custody.
We find the defendant's objection meritless. Both Deputy Fields and Officer Davies testified regarding the handling of the evidence. Officer Davies gave a step-by-step account of this process, indicating Deputy Fields submitted the evidence to him at 5:09 p.m. on February 11; Officer Davies stated he thereafter locked the evidence in his personal locker; and, finally, Officer Davies stated he physically delivered the evidence to expert T.J. Shuflin of the Alexandria Crime Lab on March 9, 1987.
We conclude introduction of S-12, which reflected the substance of Officer Davies' testimony, was corroborative evidence and properly admitted into evidence. State v. Clark, 492 So.2d 862 (La.1986).
These assignments of error are without merit.

ASSIGNMENT OF ERROR # 7
By this assignment the defendant contends the trial court erred in overruling *978 defense objection to the prosecutor's motion to sequester the defense witnesses after the state rested its case-in-chief.
The defendant argues in brief the state's motion was untimely because fundamental fairness requires the defense be provided an equal opportunity to move for sequestration of the state's witnesses.
Sequestration is governed by the provisions of LSA-C.Cr.P. art. 764 which states:
Art. 764. Exclusion and conduct of witnesses
A. Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice.
B. This Article shall authorize the exclusion of all witnesses except the defendant and one officer or employee of the state who is designated as its representative for the entire trial by the district attorney. This officer or employee of the state shall refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel.
The language of article 764 is mandatory. The trial court has no discretion when an order of sequestration is requested either by the state or the defendant. The issuance of the order is mandatory, subject to the trial court's power to modify the order thereafter in the interest of justice. State v. Johnson, 438 So.2d 1091 (La.1983).
In the instant case the trial court correctly granted the state's motion for sequestration of defense witnesses. Defendant has not demonstrated that any prejudice resulted to him from the trial court's ruling.
This assignment of error is without merit.

ASSIGNMENT OF ERROR # 9
By this assignment, the defendant contends there was not sufficient evidence presented by the prosecution to convict him of the charged crimes.
The defendant's contention requires review of the facts elicited from the record in light of the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); LSA-C.Cr.P. art. 821(B). Viewing the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could conclude the state proved the elements of the charged crimes beyond a reasonable doubt.
The defendant was charged with two counts of knowingly and intentionally distributing a controlled dangerous substance, cocaine, each violations of LSA-R.S. 40:967(A). The evidence presented at trial was sufficient for the jury to conclude the defendant was guilty as charged. The state proved through the testimony of Kevin Fortney and T.J. Shuflin, both qualified as experts in the area of chemical analysis of controlled dangerous substances, that the substance obtained by each undercover officer from the defendant was cocaine. The undercover officers in their testimony identified the defendant as the seller in the illegal drug transaction. Based on this evidence, the jury could reasonably conclude the defendant was engaged in distribution of cocaine.
The defendant in brief urges consideration be given to the testimony of alibi witnesses. The defendant's "common-law" spouse, Cardine Sapp, testified the defendant was at home with her during the time frame of the transaction on January 22. The defendant corroborated this statement in his own testimony. The defendant denied selling cocaine on either occasion.
By the testimony of Shirley Sapp Foster, another alibi witness, the defense sought to establish the defendant was repairing Ms. Foster's car on the afternoon of February 11. David Wayne Brooks testified he was helping the defendant repair Ms. Foster's car on the afternoon of February 11 and that the defendant was removing the transmission at 3:45 p.m., the time the alleged crime took place. Cardine Sapp also testified the defendant was working on Ms.
*979 Foster's car on that afternoon. She related she had this knowledge because defendant's auto shop is located directly behind their residence. Ms. Sapp testified she left their home at defendant's direction to purchase a seal from a local parts store for Ms. Foster's car. Defense counsel introduced into evidence a receipt from Brook's Auto dated February 11, 1987.
Called on direct examination in rebuttal, Deputy Fields again positively identified the defendant as the man who sold him the cocaine at 3:45 p.m. on February 11, 1987. Also called on rebuttal was Officer Tarver, who stated the defendant sold him cocaine at 10:00 p.m. on the evening of January 22, 1987.
The jury accepted the testimony of the undercover officers, rejected the testimony of the defendant's alibi witnesses, and convicted the defendant of the charged crimes.
It is not the function of the reviewing court to evaluate the credibility of witnesses and overturn the trial court on its factual determination of guilt. State v. Richardson, 425 So.2d 1228 (La.1983); LSA-Const. Art. 5, § 5(C) (1974).
This assignment of error is without merit.

ASSIGNMENTS OF ERROR #1, #2 & #8
By these assignments the defendant contends the trial court inadequately complied with the sentencing guidelines of LSA-C. Cr.P. art. 894.1. In addition, the defendant argues the sentence imposed is constitutionally excessive.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ den. 439 So.2d 1074 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983).
The sentencing guidelines of LSA-C.Cr. P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ den., 435 So.2d 438 (La.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ den., 438 So.2d 1112 (La.1983).
A sentence is constitutionally excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, supra; State v. Cunningham, supra.
A review of the sentencing transcript reveals the trial court adequately particularized the sentence to the defendant. The trial court reviewed the mitigating factors revealed from the presentence investigation which reflected defendant has seven children, at least five of whom are dependent on the defendant. The defendant is self-employed as an auto mechanic. The trial court noted as an aggravating circumstance the defendant has numerous traffic violations consisting primarily of speeding charges, a 1982 simple battery conviction, and a 1986 conviction for aggravated battery. The trial court observed a lesser sentence would deprecate the seriousness of this crime involving controlled dangerous substances.
We conclude the trial court adequately complied with the guidelines set forth in article 894.1.
Defendant further complains his sentence is excessive.
A conviction for distribution of cocaine under LSA-R.S. 40:967 will subject the defendant to a term of imprisonment for not less than five years at hard labor nor more than thirty years, and, in addition, the defendant may be sentenced to *980 pay a fine of not more than $15,000.00. LSA-R.S. 40:967(B)(1).
In the instant case the defendant received a six year sentence for conviction of count one with a fine of $5,000.00 and a six year sentence for conviction of count two, both well below the maximum of thirty years. Further, these sentences were imposed concurrently, in light of the trial court's stated consideration of the hardship imposed upon defendant's dependents by his incarceration.
We find no abuse of the trial court's discretion in the imposition of sentence. The sentence imposed is not excessive.

CONCLUSION
For the reasons expressed, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Under LSA-C.Cr.P. art. 729.5, the state's failure to comply with defendant's motion for discovery may result in the court ordering the state to permit discovery or inspection, the granting of a continuance, the order of a mistrial on motion of the defendant, prohibiting the party from introducing into evidence the subject matter not disclosed, or any other such order, other than dismissal, as may be appropriate.