567 So.2d 726 (1990)
STATE of Louisiana, Appellee,
v.
Tony Charles LEWIS, Appellant.
No. 21778-KA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1990.
Rehearing Denied October 25, 1990.
*727 Herman A. Castete, Winnfield, for appellant.
William J. Guste, Jr., Atty. Gen., Charles D. Bice, Dist. Atty., Martin S. Sanders, III, Asst. Dist. Atty., for appellee.
Before MARVIN, FRED W. JONES, Jr., and JASPAR E. JONES, JJ.
FRED W. JONES, Jr., Judge.
Defendant Lewis, charged with two counts of distribution of cocaine, La.R.S. 40:967, was tried by jury, convicted as charged and sentenced to serve consecutive terms of 20 years at hard labor on each count. He appealed, arguing the trial court erred by admitting into evidence various memoranda and forms, the cocaine, the crime lab analysis reports, an evidence transfer receipt and by imposing an excessive sentence.[1]
*728 On August 16, 1988, acting upon information that defendant was a suspected drug dealer, an undercover police agent, John Fagley, went to defendant's mother's house in Winnfield. Fagley told defendant he wished to purchase "about a gram" of cocaine. Defendant left Fagley on the porch for a few minutes, returned, and sold Fagley a packet containing white powder for $125. Fagley later placed the packet in an evidence envelope which he marked with defendant's name, his own initials, the case number and the date of the transaction. Deputy Kenneth Hertozog and Captain Ronnie Sellers of the Central Louisiana Narcotics Task Force testified to establish the chain of custody. The crime lab report confirmed that the packet contained cocaine. Fagley identified defendant as the person who sold him the cocaine.
On August 26, 1988 a reliable confidential informant introduced another undercover police agent, Brun Marks, to defendant at defendant's mother's house. Marks told defendant that she wished to purchase one-half gram of cocaine. Defendant went into the house for a few minutes, returned, and sold Marks a packet containing white powder for $50. Marks later placed the packet in an evidence envelope which she marked with defendant's name, her own initials, the case number and the parish, date and time of the transaction. Captain Sellers testified to establish the chain of custody. The crime lab report confirmed that the packet contained cocaine. Marks positively identified defendant as the person who sold her the cocaine.
The defendant presented three witnesses: himself, his mother and a tenant who rented a rooming house located on the mother's property. The three witnesses testified that defendant was never at his mother's house during August, 1988. They denied having seen officers Fagley or Marks prior to trial. The jury apparently chose not to believe the defense witnesses' testimony. This appeal followed the convictions and sentences.

Assignment of Error No. 10
By this assignment defendant contends the admission of S-13, a copy of the evidence transfer receipt, violated the hearsay rule because there was no attachment to the copy certifying its correctness.
Defendant misconstrues the law. Mark's visual identification of S-13 established a sufficient foundation for its introduction. State v. King, 355 So.2d 1305 (La.1978); State v. Collins, 535 So.2d 973 (La.App. 2d Cir.1988), writ granted, 536 So.2d 1200 (La.1988). Further, admission of a mechanical reproduction over objection is reversible only if the content of the copy does not accurately reflect that of the original. State v. Square, 433 So.2d 104 (La. 1983); State v. Cotton, 511 So.2d 1207 (La. App. 2d Cir.1987). Defendant does not contend the copy does not accurately reflect that of the original receipt, nor has he shown prejudice. Absent such a showing, admission of the copy does not constitute reversible error. State v. Rhodes, 552 So.2d 585 (La.App. 2d Cir.1989). This assignment is without merit.

Assignments of Error Nos. 1,2,6,7,8
Exhibits S-1 and S-9 are summaries of the transactions between defendant and the officers which were originally handwritten by Fagley and Marks and later typed by secretaries. Exhibits S-2 and S-10 are case file reports of expenditures and seizures completed by Fagley and Marks. Exhibit S-11 is a report of evidence collection completed by Marks. Defendant argues that these items should have been excluded as irrelevant because they lack probative value, being merely corroborative of the officers' testimony, and served to prejudice defendant in that their introduction influenced the jury to give more credit to the officers' testimony than it was due. Defendant asserts that the officers' testimony concerning details of the transactions, and not the notations made by the officers regarding those transactions, is the best evidence of what actually transpired. Defendant further complains that S-1 is a copy of a document typed by a secretary who did not testify at trial.
*729 A proper foundation for introducing these items was established through the testimony of Fagley and Marks. State v. Demouchet, 353 So.2d 1025 (La.1977); State v. Collins, supra. The documents corroborated the officers' testimony regarding the details of the drug transactions with defendant. The corroborative nature of the evidence satisfied the relevancy test by tending to make the consequential fact that the officers accurately remembered the details more likely and, simultaneously, eliminated the possibility that admission would result in undue prejudice. La.C.E. Arts. 401-403; State v. Davenport, 445 So.2d 1190 (La.1984). Defendant has failed to demonstrate that the trial court abused its discretion in determining that the evidence was relevant. State v. Smith, 418 So.2d 515 (La.1982). Neither does the best evidence rule of La.R.S. 15:436 (now repealed) preclude introduction of corroborative evidence. State v. Clark, 492 So.2d 862 (La.1986); State v. Collins, supra.
Finally, defendant's objection to the fact that S-1 is a typed copy of an original prepared by Fagley is meritless. At trial, Fagley testified that S-1 was a correct reflection of the original. The defense presented no evidence to contradict this testimony. State v. Mills, 505 So.2d 933 (La.App. 2d Cir.1987). These assignments are without merit.

Assignments of Error Nos. 3,4,9,11
By these assignments defendant argues that the trial court erred in admitting S-4 and S-12, the packets containing cocaine, and S-5 and S-14, the crime lab reports prepared on the cocaine, as the complete chain of custody was not established. A complete chain of custody and the requisite foundation for introducing these items was established through the testimony of detectives Fagley and Marks who marked, secured, maintained and transported the evidence; Deputy Hertozog, who delivered S-4 to the crime lab, and Captain Sellers, who transported the evidence from the crime lab, maintained it and transported it to the grand jury and the trial. Further, the crime lab reports were properly introduced pursuant to La. R.S. 15:499-15:501. State v. Young, 552 So.2d 669 (La.App. 2d Cir.1989). These assignments are without merit.

Assignment of Error No. 12
Although defendant faced a sentence of 5-30 years imprisonment at hard labor on each of his two convictions, the trial court imposed two consecutive 20 year sentences. To these sentences defendant objects, arguing that they are constitutionally excessive and that the trial court failed to particularize the sentence to him as required by La.C.Cr.P. Art. 894.1.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Square, supra; State v. Mills, supra. The sentencing guidelines of La.C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Mills, supra.
The trial court ordered a presentence investigation ("PSI") before imposing sentence. At the sentencing proceeding the trial court noted that defendant had been previously charged with a cocaine violation which had resulted in mistrial. The court further noted that defendant had been convicted in 1988 for distribution of cocaine and sentenced to six years at hard labor. While out on bond pending his appeal of that conviction, defendant committed these two offenses. The trial court stated this fact indicated defendant had a complete and total disregard for the law. Noting that defendant had previously been given leniency by the court on his first conviction and had not responded appropriately, the court stated it would sentence him more harshly on this occasion. The court correctly found defendant ineligible for probation and determined that the seriousness of his offense mandated imposition of a severe sentence.
The articulation was adequate. The trial judge is not required to list every *730 aggravating or mitigating circumstance. State v. Smith, 433 So.2d 688 (La.1983). Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The defense brief does not specify any errors or omissions which would undermine the sentencing choice. Moreover, we note that the PSI indicates that defendant's criminal history is significantly more serious than the trial court articulated, including an aggravated arson charge which was nolle prossed. An aggravated burglary and an aggravated assault and battery charge arose as a result of defendant's having assaulted his mother with a shotgun. His history of drug-related offenses additionally includes a distribution of marijuana charge which resulted in mistrial. The prior cocaine charge resulting in mistrial of which the court spoke at the sentencing hearing was for two counts of distribution of cocaine in 1987. Retrial is pending. Further, defendant has a poor work record. The record supports the trial court's determination that a severe sentence was required. State v. Smith, 430 So.2d 31 (La.1983); State v. Mills, supra.
A sentence must also be examined for constitutional excessiveness. A sentence is unconstitutionally excessive in violation of La. Const. 1974 Art. 1 § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Mills, supra.
Initially we note that the trial court acted within its discretion in imposing the sentences consecutively. The legislature has indicated that, as a general rule, sentences for separate offenses are to be imposed consecutively. La.C.Cr.P. Art. 883. The two offenses of which defendant was convicted were not part of the same act or transaction or part of a common scheme or plan. The two offenses occurred approximately 10 days apart, involved different officers and were sufficiently separate and distinct to justify consecutive sentences. State v. Davis, 528 So.2d 615 (La.App. 2d Cir.1988), writ denied, 531 So.2d 472 (La.1988), and 542 So.2d 4 (La.1989); appeal after remand, 552 So.2d 524 (La.App. 2d Cir.1989).
The case relied upon by defendant, State v. Vampran, 459 So.2d 1333 (La.App. 1st Cir.1984), in support of his argument that his sentence is excessive, is distinguishable. In Vampran the trial court relied upon considerations which the appellate court considered inappropriate and for which the court could find no supporting factual evidence. In this case, the record supports each of the trial court's considerations and conclusions.
In view of the seriousness of these offenses, defendant's substantial criminal record and the lack of mitigating factors, we find the trial court did not impose excessive sentences. The fact that defendant would on two separate occasions sell cocaine to undercover officers pending an appeal of a previous conviction of distribution of cocaine indicates defendant is likely to continue dealing in illegal drugs if given the opportunity to do so. Defendant's sentences are well within the statutory range and do not constitute a manifest abuse of discretion. They do not shock our sense of justice. This assignment is without merit.

Decree
For the foregoing reasons, the convictions and sentences of defendant are AFFIRMED.

APPLICATION FOR REHEARING
Before JASPER E. JONES, MARVIN, FRED W. JONES, Jr., SEXTON and HIGHTOWER, JJ.
Rehearing denied.
NOTES
[1] The assignments not briefed are considered abandoned.