| iNORRIS, Judge.
The defendant, Januel L. Comanche, appeals a sentence of two consecutive, maximum terms of five years at hard labor, imposed following his guilty plea to two counts of simple possession of cocaine. La.R.S. 40:967 C. For the reasons expressed, we affirm the convictions but amend the sentence to make the prison terms concurrent instead of consecutive.

Factual and procedural background

Shortly after midnight on August 26, 1992 Monroe Police Cpl. Tom Torregrossa saw three men walking along Jackson Street, in an area known for drug trafficking. The corporal shined his light on the men; one of them, Comanche, tossed a plastic bag to the ground. Torregrossa stopped Comanche; after backup arrived, he retrieved the plastic bag. It contained what appeared to be crack cocaine; lab tests confirmed this. Cpl. Tor-regrossa tentatively charged Comanche with possession of cocaine with intent to distribute, but the District Attorney billed him only with simple possession. The probation officer who prepared the pre-sentence investigation report (“PSI”) erroneously listed the charged offense as possession with intent, and the District Court repeated this mistaken charge at sentencing. R. p. 82.[1]
On March 19, 1994, Monroe Police Officer Roy Harrison responded to a disturbing the peace complaint on Winnsboro Road. He saw two men standing beside a ear; one of them, Comanche, bent down and put something in his shoe. Officer Harrison asked Mm what it was, but Comanche ran off. When the officer apprehended him, a small plastic bag fell out of his shoe. The bag contained “several small rocked substances” wMeh were shown by field test to be crack |2cocaine. Later, at jail, officers discovered a pack of zig-zag wrapping papers on Comanche’s person. The police booked Mm on tentative charges of “dist/poss.w/intent/ma-nuf of CDS II,” possession of paraphernalia and resisting by flight; the District Attorney, however, charged him oMy with simple possession. The probation officer, in the PSI, listed the original charge as possession with intent to distribute, and the court repeated this at sentencing.[2] R. p. 82.
In October 1996 Comanche appeared in court with counsel, withdrew Ms previous pleas of not guilty, and entered in each matter a plea of guilty to possession of cocaine. After ordering and reviewing the PSI, the District Court sentenced Comanche to consecutive, maximum terms of five years at hard labor. A motion to reconsider sentence was denied, and this appeal ensued. Comanche has designated nine assignments of error, all contesting the severity of the sentence and the order that the individual terms must be consecutive.

Applicable law

Appellate review of sentences for excessiveness is two-pronged. First the record must show that the District Court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The judge is not required to list every aggravating or mitigating factor as long as the record reflects an adequate consideration of the guidelines as a whole. State v. Smith, 433 So.2d 688 (La.1983). The goal of art. 894.1 is the articulation of a factual basis for sentence, not a rote recitation of factors. When the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even without full compliance with the article. State v. Lanclos, 419 So.2d 475 (La.1982). The principal elements to consider are the defendant’s personal history (age, family ties, marital status, health, [.¡employment record), prior criminal record, gravity of the offense *275 and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied 521 So.2d 1143 (1988).
The second prong is constitutional excessiveness. A sentence violates La. Const. Art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is deemed grossly disproportionate if, when the crime and punishment are weighed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Davis, 28,662 (La.App.2d Cir. 9/25/96), 680 So.2d 1296. The District Court has wide discretion to sentence within statutory limits; such a sentence will not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Henton, 28,576 (La.App.2d Cir. 9/25/96), 682 So.2d 777.
Maximum sentences are generally reserved for the most serious violations of the offense of conviction and the worst type of offender. State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988). However, when the defendant pleads guilty to an offense that does not adequately describe his conduct, the general rule does not apply and the court has great discretion to impose the máximum sentence for the offense of conviction. State v. Black, 28,100 (La.App.2d Cir. 2/28/96), 669 So.2d 667.
Sentences for offenses that arise out of different criminal acts or transactions, or do not constitute parts of a common scheme or plan, are to be served consecutively unless the court expressly directs that one or more of them be concurrent. La.C.Cr.P. art. 883; State v. Lewis, 567 So.2d 726 (La.App. 2d Cir.), writ denied 575 So.2d 364 (1991).

14Discussion

By his first and third assignments of error Comanche urges the sentence is constitutionally excessive and was imposed without adequate regard for the factors of art. 894.1.
The court ordered and reviewed the PSI; defense counsel also replied that he had read it. The court stated that Comanche’s case was “most unusual” and that “none of the aggravating circumstances apply.” Nevertheless the court noted that Comanche had been-,involved with- cocaine since at least 1992; that the 1994 offense occurred while he was on probation from a simple battery conviction and on bond from the 1992 offense; and that the delay in resolving the 1992 arrest allowed him to “continue using drugs and establish an even stronger habit of using drugs than you already had.” R. p. 84. Finally the court recited the three factors listed in art. 894.1 A before imposing .sentence.
The court erroneously stated that both offenses were originally charged as possession with intent to distribute arid “then both were reduced or you were allowed to plead to the lesser included offense of possession of cocaine in each case.” R. p. 83.
On this record it is apparent that the court’s compliance with art. 894.1 was minimal, and the sentencing choice informed by the misapprehension that the plea was a reduced charge that did not fully describe the defendant’s conduct.
Neverthéless the record clearly illumines, by Comanche’s criminal history, the need for correctional treatment of significant length. The PSI shows an active misdemeanor record dating to 1990: switched license tags, driving without a driver’s license, gambling, and resisting an officer by violence. More seriously, it showed the conviction for simple battery (an incident in which he struck a woman in the face with his fist), as well as an April 1994 arrest for possession of cocaine frwith intent to distribute, while on probation; this was dismissed with the entry of the instant guilty pleas. R. p. 70.
Despite Comanche’s significant misdemeanor record and the apparent benefit of dismissing one other drug charge, this court is obligated to consider whether the sentence is grossly disproportionate to the offense, to the extent that it violates La. Const. Art. 1, § 20. By his sixth assignment Comanche urges the District Court should have considered making the individual sentences concur *276 rent. Although the general rule for offenses occurring 19 months apart would be consecutive sentences, La.C.Cr.P. art. 883, the effect of the instant sentence is to incarcerate the defendant for 10 years at hard labor for two incidents of simple possession of cocaine. The record does not show that the quantities involved were large; in the 1994 arrest, the plastic baggie was small enough to be concealed in Comanche’s shoe. We agree with the District Court’s assessment that apart from the misdemeanor record, no other aggravating factors applied; we also note an intermittent work record consistent with the defendant’s education and upbringing. This record, in its entirety, will not support the conclusion that Comanche is the worst offender, that the crimes to which he pleaded were the worst instances of the offenses, such that consecutive maximum sentences are warranted. That conclusion shocks the sense of justice. State v. Bonanno, supra; State v. Dorthey, supra; see also State v. Cathey, 569 So.2d 627 (La.App. 2d Cir.1990).
On the record presented, we conclude that the greatest affirmable sentence for this offender and these offenses is five years at hard labor. To effectuate this conclusion, we will direct that the sentence be amended to make each term of imprisonment concurrent instead of consecutive. Judgment will be amended accordingly.
| ^Conclusion
We have reviewed the remainder of the record and find nothing else we consider to be error patent. La.C.Cr.P. art. 920(2). For the reasons expressed, Januel Comanche’s convictions are affirmed but the sentence is amended to make the individual five-year, hard labor terms concurrent instead of consecutive.
CONVICTIONS AFFIRMED; SENTENCE AMENDED AND AFFIRMED.

. At the Boykin hearing the court correctly stated that the charged offense was possession. R. pp. 72-73.

. At the Boykin hearing, the court and defense counsel properly referred to the charged offense as possession. R. pp. 77-78.