445 So.2d 422 (1984)
STATE of Louisiana
v.
Jimmy Dean BROWN.
No. 82-KA-2098.
Supreme Court of Louisiana.
January 16, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., for plaintiff-appellee.
Claude R. Sledge, Mansfield, for defendant-appellant.
*423 WATSON, Justice.
Defendant was convicted of simple burglary in violation of LSA-R.S. 14:62,[1] and was sentenced to three years in the custody of the Louisiana Department of Corrections at hard labor, with one year suspended on the special condition that restitution be made to the victim in the amount of $600.[2]
On appeal there are two assignments of error: the first that the evidence is insufficient and the second that the sentence is excessive.
The facts proved at trial were largely undisputed. During November or December, 1979, a mobile home belonging to James C. Dykes was broken into and a television set, a radio, and a quilt were taken. The exact date of this event was unknown because the owner resided in Houston and visited the trailer only at infrequent intervals when in the Converse, Louisiana, area.
On December 13, 1979, the defendant in the company of Kelvin Williams and Charles Ray Lloyd drove to Pleasant Hill, Louisiana, where he sold a television set to Shirley Neal at the Pizza Hut. The T.V. was identified later as the one taken from the mobile home. Neal gave the defendant a check which he cashed at a nearby store after endorsing it and furnishing his driver's license number which was entered on the check. The state's case of burglary was basically that the mobile home had been broken into and that Jimmy Dean Brown had later sold a television set which was taken from the mobile home.
At trial the defendant denied that the T.V. originated with him, claiming that his two companions had the set and asked him to help them sell it. They in turn denied having anything to do with the television set and said it was in defendant's car when they first saw it.
The jury found defendant guilty as charged.
The first assignment of error, that the evidence is insufficient, resolves the appeal. Defendant was convicted on circumstantial evidence which connected him with stolen property, there being no direct evidence to connect him with the unauthorized entry of the mobile home.
At one time there existed in Louisiana a judicially created presumption that a person in possession of recently stolen property in a burglary was presumed to have committed the offense. However, the case of State v. Searle, 339 So.2d 1194 (La., 1976) repudiated the presumption with language which is equally appropriate here:
"... Therefore, we hold that our judicially created presumption that a defendant found in possession of property recently stolen in a burglary is presumed to have committed the burglary does not meet the beyond-a-reasonable-doubt standard, and that defendant consequently was adjudged guilty without requiring that the State prove beyond a reasonable doubt every essential element of the crime charged." 339 So.2d at 1206.
It is noteworthy that this court overruled the presumption relying principally on In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The decision in Searle anticipated Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) which said: "... [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307 at 319, 99 S.Ct. 2781 at 2789, 61 L.Ed.2d 560 at 573 (1979).
*424 In the case on appeal no rational trier of fact could have found the element of unauthorized entry beyond a reasonable doubt. The cases cited by the state are factually distinguishable.[3] The evidence fails markedly to prove the element of unauthorized entry beyond a reasonable doubt. The case does not involve merely, as counsel argued to the jury, a credibility call between defendant and his two companions. The state's case fails when it is understood that there must be evidence to link defendant with the unauthorized entry. His possession of the stolen television does not satisfy this requirement.
Therefore, the defendant's conviction and sentence are reversed and set aside, and it is ordered that defendant be discharged.
REVERSED.
NOTES
[1] LSA-R.S. 14:62 provides:

"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
"Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both."
[2] The sentence is illegal on its face since there is no authority to suspend a portion of a sentence entered in a felony case.
[3] In State of Johnson, 310 So.2d 600 (1975) the defendant was recognized as a person seen, about one o'clock in the morning, lowering the tailgate of a pickup truck parked by a veterinary clinic. The door of the clinic had been jimmied and a safe rolled to a point near where the truck had been parked. There were pipe rollers in the truck when defendant was arrested about eight blocks from the scene.

In State v. Hamilton, 312 So.2d 656 (1975), defendant's car was found parked next to a store where a glass door had been broken to gain entrance; an accomplice testified he and defendant broke in but fled when police investigated.
State v. Finley, 341 So.2d 381 (1976) two defendants were observed at night in a closed used car lot, one pushing a tire and rim under a Chevrolet truck. Investigation revealed that the tire was the spare which had been removed from the trunk of a nearby Oldsmobile. A third defendant was waiting in a getaway car and tried to slide out of sight when police arrived.
It should be noted that these cases were reviewed under the "some" evidence rule.