468 So.2d 1342 (1985)
STATE of Louisiana
v.
Dennis PETERS.
No. 84-KA-0679.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
Rehearing Granted for Amendment to Order Remand for Re-sentencing May 20, 1985.
William Burris, Asst. Dist. Atty., Franklinton, for the State.
S. Austin McElroy, Covington, for defendant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
Dennis Peters was convicted of simple burglary of an inhabited dwelling under LSA-R.S. 14:62.2, found to be a second felony offender under LSA-R.S. 15:529.1, and sentenced to 18 years in prison at hard labor. On appeal, he alleges two assignments of errorthat the evidence is insufficient to support his conviction and that the sentence is excessive.
In his first assignment of error, the defendant concedes that a burglary was committed and that certain items were stolen. He contends, however, that because there was no direct evidence identifying him as the burglar and because the only evidence tending to identify him as the burglar is circumstantial, the State failed to prove its case beyond a reasonable doubt.
Evidence, whether direct or circumstantial, is constitutionally sufficient to support a conviction if, after viewing it in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the crime charged, including the identity of the defendant as the perpetrator of the crime. See LSA-C. *1343 Cr.P. art. 821; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The statutory rule contained in LSA-R.S. 15:438 that circumstantial evidence, when used to convict, must exclude every reasonable hypothesis of innocence does not establish a stricter standard of review than that articulated in Jackson. It merely provides the jury with a guideline when considering the evidence and facilitates appellate review of a rational juror's finding of guilt beyond a reasonable doubt. State v. Nealy, 450 So.2d 634, 637 (La. 1984); State v. Wright, 445 So.2d 1198 (La.1984).
The facts established by the evidence in this case are undisputed. Sheri Lou Jenkins returned home from work on August 25, 1980, at about 3:45 p.m. and found that her home had been broken into and ransacked. She immediately phoned the Bogalusa Police Department. The police initiated an investigation, made an unsuccessful search of the ground around the house for any evidence or contraband, and inventoried the stolen items, which included a television set, a portable eight track tape player, a shotgun, two watches, her husband's wedding band and class ring, some Canadian and Bahamian coins, a $10.00 roll of silver dimes and some Susan B. Anthony dollars.
When Mr. Jenkins arrived home from work between 6:30 and 7:00 that evening, he conducted his own search of the surrounding grounds. He found the shotgun, television set and tape player about 200 feet from the house hidden under a large tree next to a thickly wooded area behind his backyard fence and immediately called the police. Detective Harry Hoppen and Officer Jimmy Burdette returned to resume the investigation. After lugging the contraband back to the house to inventory, they decided instead to try a stake out. They placed the items back under the tree and set about to wait for the thief's return.
The night was dark and moonless. The defendant arrived at midnight. He parked his automobile on a street next to the house and made his way, without hesitation and without a flashlight, torch, or match to light his way, straight to the tree, like a hound after a fox. When he reached down to pick up the television, Detective Hoppen yelled, "Stop, police." The defendant dropped the television and broke out into a run, but Officer Burdette managed to collar him before he got very far.
They searched him at the scene and found in the right front pocket of his trousers Mr. Jenkins' watch, identified by the word "football" engraved on the back and Jenkins' address imprinted on the band.
The defendant claimed at the scene that he had bought the watch from a man in Covington for $10.00, but he later claimed at the police station that he was given the watch in exchange for retrieving the stolen items hidden under the tree.
The officers obtained a warrant and searched his apartment that night. They found hidden in a box under his mattress, three Canadian coins and one Bahamian and some Susan B. Anthony dollars. They also found in his bedroom Mr. Jenkins' two rings.
Possession of recently stolen property is not by itself sufficient proof that the possessor committed the burglary. State v. Brown, 445 So.2d 422 (La.1984). Thus, possession of the watch at the time of his arrest and of the other items in his bedroom is alone arguably insufficient proof that the defendant made the unauthorized entry into the Jenkins' home. However, the circumstances surrounding the defendant's actions on the night of his capture, coupled with his possession of the stolen property, does sufficiently establish the defendant as the perpetrator of the crime in this case.
There is no reasonable innocent explanation for the defendant's presence at the burgled residence. He arrived under cover of darkness at midnight on the day the burglary had been committed, and made his way to the exact spot where some of the stolen property had been stashed, without hesitation and without illumination. His explanation of his possession of the stolen watch does not reasonably explain the other stolen items in his bedroom, nor *1344 his precise knowledge of the property hidden under the tree.
Moreover, the defendant fled at the first sign of police. Flight is a circumstantial fact from which a juror may infer guilt. See State v. Fuller, 418 So.2d 591, 593 (La.1982) and authorities cited therein.
We conclude that the evidence, though circumstantial, sufficiently identifies the defendant as the burglar. This is simply a case where the thief returned to the scene of the crime and got caught. Accordingly, this assignment lacks merit.
In his second assignment of error, the defendant claims that his sentence is excessive.
As a second felony offender, the defendant could have been sentenced to a maximum prison term of 24 years at hard labor. He was sentenced only to 18 years at hard labor. We do not find this sentence excessive. It does not shock our sense of justice, it is not grossly disproportionate to the crime, and it is not a needless imposition of pain and suffering. See State v. Thomas, 432 So.2d 325, 327 (La.App. 1st Cir.1983).
We note that the trial judge placed great emphasis on the defendant's history of burglary convictions, especially his conviction for three counts of simple burglary, and one count of theft in 1976 which formed the basis of the habitual offender bill. We further note that the trial judge considered all relevant mitigating factors listed in LSA-C.Cr.P. art. 894.1 before imposing sentence. Accordingly, this assignment of error is without merit.
However, we note an error patent on the face of the record. LSA-R.S. 14:62.2 requires that at least one year of the sentence be served without benefit of probation, parole or suspension. Accordingly, the sentence imposed without the one year ineligibility provision is illegal. LSA-C.Cr.P. art. 882, as amended by acts 1984, No. 587, § 1, (effective September 3, 1984) legislatively authorizes this court to correct an illegal sentence on review. We will therefore amend the sentence to include that one year be served without benefit of probation, parole or suspension. Cf. State v. Williams, 464 So.2d 451 (La.App. 1st Cir.1985).
For the foregoing reasons, the defendant's conviction is affirmed; the defendant's sentence is amended and as amended affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED.