499 So.2d 1218 (1986)
STATE of Louisiana
v.
Charles D. FERACI.
No. KA-5530.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
Writ Denied March 26, 1987.
*1219 John F. Rowley, Dist. Atty., Glenn E. Diaz, Asst. Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., Chalmette, for appellee.
Michael S. Gallagher, Supervising Atty., Wilson C. Boveland, Student Practitioner, Loyola Law Clinic, New Orleans, for appellant.
Before REDMANN, GULOTTA and CIACCIO, JJ.
GULOTTA, Judge.
Charles D. Feraci, appealing from a simple burglary conviction, claims that the circumstantial evidence introduced was insufficient to support the guilty verdict. We affirm.
On the afternoon of September 2, 1984. a .35mm Nikon camera, a revolver, and assorted jewelry and money were stolen from the victim's trailer home in Violet, Louisiana. Three days later, Feraci was arrested and charged with simple burglary after a neighbor identified him as the man she had seen descending the front steps of the trailer at the time of the crime, and after the victim learned that Feraci was trying to sell a .35mm camera in the area. Following a trial on the merits, a twelve member jury found defendant guilty as charged.
Supporting Feraci's claim of insufficiency of evidence, defendant claims the evidence fails to establish that he made any unauthorized entry of the victim's trailer or harbored an intent to commit a theft. Although acknowledging that he was at the trailer park on the afternoon of the break-in, Feraci cites his girlfriend's testimony that he did not go near the victim's trailer and that the camera he later attempted to sell was her .35mm Minolta rather than the .35mm Nikon allegedly stolen. He further points out that a search of his residence and his girlfriend's car three days after the burglary failed to reveal any contraband or evidence to support the State's case.
To support a conviction for simple burglary of an inhabited dwelling, the State must prove that the defendant entered the dwelling without authorization and with an intent to commit a felony or any theft therein. LSA-R.S. 14:62.2. The perpetrator's intent to commit the crime may be inferred from circumstances surrounding the occurrence. LSA-R.S. 15:445; State v. Williams, 464 So.2d 451 (La.App. 1st Cir. 1985).
On reviewing the sufficiency of evidence to support a conviction, courts examine the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the State has proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Although LSA-R.S. 15:438 provides that when circumstantial evidence is used to convict, every reasonable hypothesis of innocence must be excluded, this statutory rule is not a separate test from the Jackson standard, supra, and does not establish a stricter standard of review in circumstantial *1220 evidence cases. Rather, all the evidence, both direct and circumstantial, must be sufficient under the Jackson standard to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Porretto, 468 So.2d 1142 (La.1985); State v. Wright, 445 So.2d 1198 (La.1984).
Applying this standard of review to the instant case, we conclude that the circumstantial evidence was sufficient to convict the defendant.
The victim's neighbor testified that on the afternoon of the burglary she had seen the defendant descending the front steps of the victim's trailer and carrying a black tool box before he walked to a red Chevrolet Camaro and drove off. The neighbor identified defendant in a photo lineup, and he was ultimately arrested while driving a car matching the description.
The victim testified that upon returning to his trailer home on the afternoon of the crime, he discovered that the front door of his home had been "jimmied or worked on" and there were scratch marks around the lock. Based on his neighbor's description of the man seen near his trailer, the victim confronted the defendant and ultimately learned that he had attempted to sell a .35mm camera in the vicinity two days after the break-in. The victim's testimony was corroborated by an independent witness, Joseph Fiarello, who testified that defendant had tried to sell him a .35mm camera.
Although defendant's ex-girlfriend testified that she and Feraci had only visited their friend's trailer in the vicinity of victim's and later had attempted to sell her camera with a brand name different from that stolen, her credibility was severely damaged during the State's cross examination. The girlfriend's testimony that she and the defendant had called on a friend at the trailer park contradicted her earlier statement to police that she and defendant were at home on the day of the burglary. Furthermore, although this witness testified that her camera was in her apartment at the time of the police's search, the searching officers testified that no camera was found. Significantly, the girlfriend's testimony that she had attempted to sell her camera to Fiarello's cousin before the burglary, was contradicted by Fiarello. The girlfriend also testified that she had thrown her camera away after defendant's arrest. She stated further that she had not mentioned her camera when speaking to the victim and his neighbor, an action that is inconsistent with her story that Feraci was innocently trying to sell her camera rather than the stolen one.
Considering the eyewitness testimony of the neighbor, who observed defendant on the front steps of the victim's trailer with a tool box, together with the signs of forcible entry, defendant's attempt to sell a .35mm camera within days of the burglary, and the defense witness's lack of credibility, we conclude that there is sufficient proof of all the elements of the crime charged.
Accordingly, the judgment is affirmed.
AFFIRMED.