514 So.2d 675 (1987)
STATE of Louisiana, Appellee,
v.
Timothy ARRINGTON, Appellant.
No. 19018-KA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1987.
David M. Newell, Homer, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, John C. Blake, Dist. Atty., Jonesboro, H. Russell Davis, Asst. Dist. Atty., Arcadia, for appellee.
Before JASPER E. JONES, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Timothy Arrington, was charged by bill of information with simple burglary of an inhabited dwelling, in violation of LSA-R.S. 14:62.2. After a jury trial, the defendant was convicted and sentenced to imprisonment at hard labor for twelve years, the maximum penalty. The defendant has appealed his conviction and sentence. For the following reasons, we reverse and set aside the defendant's conviction and sentence.

FACTS
On July 23, 1986, Mrs. Martha Wimberly, a widow who lived alone in Castor, Louisiana, left her home shortly before 9:00 a.m. to run errands in nearby Ringgold. When she returned home at about noon, she discovered that the house had been broken into during her absence. Entering the living room, she noticed that a package which she had wrapped as a birthday gift for her daughter had been unwrapped. Mrs. Wimberly quickly withdrew from the house and was advised not to go back inside by a neighbor's gardener. While she went to summon the sheriff, the gardener entered the house. When Mrs. Wimberly returned, the gardener told her that her bedroom had been ransacked.
Investigation revealed that the burglar gained entry to the house by cutting through the back door screen and unlatching the door. The wooden back door to the home was then forced open. The package in the living room was unwrapped and all of the drawers in Mrs. Wimberly's bedroom had been entered. Missing were a camera, two diamond rings and a wedding band.
At trial the eighteen-year-old defendant testified that he arrived in Castor at about 10:55 a.m. on the day of the burglary, having hitchhiked from his home in Ringgold. He testified that he had been in Minden with a friend earlier in the morning. After leaving Minden, the defendant traveled to Castor for a job hauling hay, *676 but upon his arrival he was told that it was too wet to work.
Between the approximate hours of noon to 2:00 p.m., the defendant encountered an acquaintance, Jerry Wayne Baker, outside the town marshal's general store in Castor, which is about one block from Mrs. Wimberly's house. The defendant showed Baker the three rings later identified as having been taken in the burglary, and told Baker that he had just found them in a brown paper sack near the store. He said he accidently kicked the sack, causing one of the rings to roll out. Examining the contents of the bag, he discovered a coke bottle and two more rings, which were wrapped in tissue paper. The defendant speculated that the rings he had just found should be turned over to the authorities. However, Baker suggested that he pawn them instead. Baker even offered to use his own driver's license as identification for the pawn. When one of Baker's cousins drove up, Baker asked him to drive them to Coushatta to pawn the rings, testifying that "... I tried to get Erskine [his cousin] to take us to Coushatta, you know, where I was going to pawn them." His cousin, however, declined.
The next day the defendant and a friend went to Bossier City with one Jacqueline Hullaby to pawn the rings. Since the men did not have identification, Ms. Hullaby used her identification for the pawn. The defendant pawned the two diamond rings and received $100.
Shortly thereafter, the defendant was arrested for the burglary of Mrs. Wimberly's house. When arrested, he was still in possession of one of the stolen rings, a wedding band. The investigation subsequently led to the recovery of the two rings which had been pawned in Bossier City.
On at least one prior occasion several years before, the defendant did some yard work for Mrs. Wimberly. There was testimony that on other occasions he may have unsuccessfully sought additional work from her.
The camera stolen in the burglary was never located or recovered. No fingerprints or other physical evidence were produced by the state showing the defendant made an unauthorized entry into the residence. There were no eyewitnesses to the burglary.
At trial, the jury found the defendant guilty as charged. He now appeals, relying upon four assignments of error. However, our decision on assignment two makes a consideration of the other assignments unnecessary.

ASSIGNMENT TWOSUFFICIENCY OF EVIDENCE
In this assignment of error, the defendant claims the trial court erred in not granting his motion for post verdict judgment of acquittal because the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilt. LSA-C.Cr.P. Art. 821. The defendant was convicted on the basis of circumstantial evidence that placed him in the general area of the burglary within the time frame of the offense. However, the defendant was not hiding or fleeing the scene of the burglary. The defendant was in possession of some, but not all, of the stolen items. There was no direct evidence to connect the defendant with "the unauthorized entry" of Mrs. Wimberly's house, an essential element of the offense of simple burglary of an inhabited dwelling.
The standard for reviewing sufficiency of evidence to support a conviction was established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing court must examine the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Although LSA-R.S. 15:438 provides that when circumstantial evidence is used to convict, every reasonable hypothesis of innocence must be excluded, this statutory rule is not a separate test from the Jackson standard, supra, and does not establish a stricter standard of review in circumstantial evidence cases. Rather, all the evidence, both direct and circumstantial, must be sufficient under the Jackson standard to satisfy a rational *677 juror that the defendant is guilty beyond a reasonable doubt. State v. Porretto, 468 So.2d 1142 (La.1985); State v. Feraci, 499 So.2d 1218 (La.App. 4th Cir.1986), writ denied 503 So.2d 490 (La. 1987).
Mere possession of property recently stolen in a burglary does not create a presumption that the defendant committed the offense. State v. Brown, 445 So.2d 422 (La.1984); State v. Nelson, 487 So.2d 695 (La.App. 5th Cir.1986).
No rational trier of fact could have found the element of unauthorized entry beyond a reasonable doubt. No physical evidence, such as fingerprints, placed the defendant at or inside Mrs. Wimberly's house on the day of the burglary. Although a neighbor's gardener was apparently working outside during the general time frame of the burglary, he did not testify. There is no evidence to suggest that he or anyone else saw the defendant at or near the house at the time of the burglary.
While the defendant was in possession of the rings when he saw Mr. Baker after the burglary occurred, he did not have the camera. That item was never recovered. Also, the defendant was consistent in his version of the facts, which was substantially corroborated by Mr. Baker's testimony. The defendant's testimony was never impeached or contradicted. Not only did the defendant show the rings to Mr. Baker while seated outside a store which he knew to be owned by the town marshal, he did so openly, making no effort at concealment.
The defendant's behavior was inconsistent with that of a man who had just committed a burglary a block away. Not only did he not attempt to conceal the items, there was testimony from the state's own witness corroborating the fact that the defendant's initial inclination was to turn the items over to the authorities.
In the instant case, there are several reasonable hypotheses of the defendant's innocence, and explanations for his conduct. The present case differs from several others in which the element of unauthorized entry was at issue. In State v. Peters, 468 So.2d 1342 (La.App. 1st Cir.1985), writ denied 475 So.2d 356 (La.1985) the defendant returned at night "like a hound after a fox" to a spot where several stolen items had been hidden by a burglar. When the police, who had been lying in wait, announced their presence, the defendant attempted to flee. His conduct and the stolen items found on his person and in his apartment combined together to prove his guilt beyond a reasonable doubt. Likewise, in State v. Feraci, supra, an eyewitness saw the defendant leaving the burglarized trailer at the approximate time of the offense. Also the credibility of the defendant's only alibi witness, his girlfriend, was seriously impeached by several contradictory statements.
The facts of the present case more closely resemble those of State v. Nelson, supra and State v. Brown, supra. In Nelson, the defendants were seen walking near a burglarized business with a stolen key. However, they were not seen in the burglarized office or within its locked compound. Nor did they have possession of several large stolen items, including a car. Also, the occurrence of the burglary could not be pinpointed in a thirty-hour time span. The court found that there was insufficient evidence of an unauthorized entry by the defendant.
In Brown, the defendant in the company of two companions sold a television set to a third party. The set had been stolen from a seldom used trailer. The defendant disclaimed knowledge of the television set, claiming that his companions originally had possession. Reciprocally, they blamed him. The Supreme Court found that there was no evidence linking the defendant with the unauthorized entry. In that case the court stated:
At one time there existed in Louisiana a judicially created presumption that a person in possession of recently stolen property in a burglary was presumed to have committed the offense. However, the case of State v. Searle, 339 So.2d 1194 (La., 1976) repudiated the presumption with language which is equally appropriate here:

*678 "... Therefore, we hold that our judicially created presumption that a defendant found in possession of property recently stolen in a burglary is presumed to have committed the burglary does not meet the beyond-a-reasonable-doubt standard, and that defendant consequently was adjudged guilty without requiring that the State prove beyond a reasonable doubt every essential element of the crime charged." 339 So.2d at 1206. [ ...]
In the case on appeal no rational trier of fact could have found the element of unauthorized entry beyond a reasonable doubt. [ ...] The evidence fails markedly to prove the element of unauthorized entry beyond a reasonable doubt. The case does not involve merely, as counsel argued to the jury, a credibility call between defendant and his two companions. The state's case fails when it is understood that there must be evidence to link defendant with the unauthorized entry. His possession of the stolen television... [in this case RINGS] does not satisfy this requirement.
While the present defendant was in Castor during part of the possible time span during which this burglary occurred, and was in possession of some of the stolen property, this is insufficient under the specific facts of this case. There are several reasonable hypotheses of innocence which the evidence fails to exclude. These include an unknown burglar disposing of the bag containing the jewelry, or simply dropping or losing the bag, while keeping the stolen camera. Another reasonable hypothesis is that Mr. Baker himself may have been culpable, given his great interest in the rings and his desire to assist the defendant in the pawn.
The evidence fails to adequately satisfy the element of unauthorized entry required for conviction of the offense of simple burglary of an inhabited dwelling. Thus, the evidence does not support the defendant's conviction.
Therefore, for the reasons stated, the defendant's conviction and sentence are reversed and set aside and he is ordered discharged.
REVERSED.