Robert SWIFT, Petitioner–Appellant,

v.

Bruce LYNN, Secretary, Louisiana Department of Corrections, et al., Respondents–Appellees.

No. 88–3463.

United States Court of Appeals, Fifth Circuit.

April 26, 1989.

Roma A. Kent, Asst. Federal Public Defender, New Orleans, La., for petitioner-appellant.

R. Jeffrey Bridger, Asst. Dist. Atty., New Orleans, La., for respondents-appellees.

Before GEE, SMITH, and DUHE: Circuit Judges.

DUHE, Circuit Judge:

Petitioner-appellant Robert Swift was convicted of the burglary of an inhabited dwelling under La.R.S. 14:62.2.[1] At the sentencing hearing, the state filed a multiple offender bill of information alleging that Swift had a prior felony conviction for simple burglary. The state read a paragraph from the bill alleging that conviction, to which Swift's counsel admitted. On prompting from the trial judge, Swift personally admitted the prior conviction. Swift was sentenced as a multiple offender to ten years imprisonment without parole. *State v. Swift*, 449 So.2d 654 (La.App.1984).

After exhausting his state remedies, Swift sought *habeas corpus* relief in United States district court, contending that: 1) his conviction was not supported by sufficient evidence; and 2) his multiple offender adjudication was constitutionally defective because the trial judge did not expressly

---

1. La.R.S. 14.62.2 provides that: "[s]imple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein ..."

advise him of his right to a hearing and right to remain silent before accepting his admission of his identity as alleged in the multiple offender bill.

After holding an evidentiary hearing on Swift's *habeas* petition a magistrate found that: 1) the defendant's conviction was supported by the evidence; and 2) Swift did not knowingly and voluntarily enter a guilty plea to the multiple offender bill, but he was not prejudiced thereby since the state proved beyond a reasonable doubt at the *habeas* evidentiary hearing that Swift was the same person previously convicted, rendering any error harmless. The district court approved and adopted the magistrate's report, denying *habeas* relief. The defendant appeals from this judgment.

## BACKGROUND FACTS

In August 1982, Robert Swift and two other men were hired by the owner of a two story duplex to install wood molding around its eaves. This work required the use of two twenty-foot ladders. Half of the duplex was occupied by the owner and the other half was occupied by the burglary victim, Ms. McTier, and her roommate. The night before the burglary, Ms. McTier's fiance also stayed at the duplex.

When Ms. McTier returned home from work the day before the burglary, she observed the defendant on a ladder peeking in a second story window located in her hallway. This was the only window in the duplex that could not be locked. On the day of the burglary, Ms. McTier left for work at 9:00 a.m. Her roommate and fiance had both left for work earlier than she and returned later. When she returned

home at 3:30 p.m. her television set, several pieces of jewelry, and other items were missing. The back door to her house, locked when she left for work, was open.

During the police investigation, several pieces of jewelry matching the description of the stolen items were found in Swift's car, which he had been seen driving on the day of the burglary. He was subsequently arrested.

## CLAIMS

I. *Sufficiency of the Evidence*

■ Swift claims that there was insufficient evidence adduced at trial to support his conviction for simple burglary.

"The appropriate standard for federal *habeas corpus* review of the sufficiency of the evidence in a state criminal proceeding is whether, after viewing the evidence in the light most favorable to the verdict, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (citing *Johnson v. Louisiana,* 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972) (emphasis in original)).[2]

In making this determination, we should not substitute our view of the evidence for that of the factfinder, but consider all of the evidence in the light most favorable to the prosecution. *Whitmore v. Maggio,* 742 F.2d 230, 232 (5th Cir.1984). Where, as in this case, a state appellate court has reviewed the sufficiency of the evidence issue, that court's determination is entitled to "great weight." *Parker v. Procunier,* 763 F.2d 665, 666 (5th Cir.1985) (citing

---

**2.** Under Louisiana law, circumstantial evidence in criminal convictions is held to a higher standard. La.R.S. 15:438 provides: [a]ssuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. In *Holloway v. McElroy,* 632 F.2d 605 (5th Cir.1980), we recognized that "[while] this stricter standard is not required by the Constitution, ... a plausible argument could be made that the state would be denying a defendant of the process due him under state law were it to obtain a conviction that was based entirely on circumstantial evidence which did not meet this more rigorous

standard. It is unclear to what degree such state-law protections should be incorporated into the federal courts' review of the sufficiency of the evidence when the state-law standards are more rigorous than federal constitutional requirements." *Id.* at 640 n. 55. However, at least one Louisiana appellate court has chosen not to apply this stricter standard when reviewing a conviction based on circumstantial evidence, *State v. Arrington,* 514 So.2d 675 (La. App.1987), and Swift does not argue that on *habeas* review we are required to apply this stricter standard. We therefore adhere to the *Jackson* standard.

*Jackson v. Virginia*, 443 U.S. at 310 n. 15, 99 S.Ct. at 2784).

Swift argues that the trial court impermissibly presumed that he committed the burglary from the fact that he possessed property stolen in the burglary. Had the state's case rested solely on the fact that the defendant possessed stolen property, the defendant's insufficiency of the evidence claim would be valid. *State v. Bergeron*, 371 So.2d 1309, 1313 (La.1978); *State v. Arrington*, 514 So.2d 675, 678 (La.App.1987). In *Arrington*, the defendant was convicted of burglary based on evidence that he was in possession of stolen property one block from the victim's residence. There was no evidence placing the defendant at the house at the time of the burglary, and a state witness corroborated the defendant's testimony that his initial inclination was to turn the stolen items over to the authorities. *Id.* at 677.

Here, the evidence went beyond merely proving Swift was in possession of individual pieces of jewelry identical to that stolen from the victim. The state also introduced evidence that Swift was working on a ladder at the victim's residence the day the burglary was committed, giving him access to the only unsecured portal into the residence, the second story window. The day prior to the burglary he had been seen peering through this window. Swift's conviction is supported by the record, such that any rational factfinder could conclude beyond a reasonable doubt that he was guilty of simple burglary.

## II. *Multiple Offender Proceeding*

█ Swift claims that his plea of guilty to the multiple offender charge was not voluntary and intelligent because the state trial court failed to inform him of his right to a hearing and right to remain silent.

In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Su-

preme Court held that a guilty plea to a criminal charge is "[m]ore than admission of conduct; it is a conviction. Such a plea waives several important constitutional rights, and as a result, the record must affirmatively establish that the plea was voluntary and intelligent." *Id.* at 242, 89 S.Ct. at 1711. *Boykin* concerned a plea to a substantive offense, not a plea to a multiple offender charge used to enhance punishment.

Three circuits have concluded that a "true" plea to prior convictions used to enhance punishment is the functional equivalent of a guilty plea to the substantive offense. *Government of the Virgin Islands v. George*, 741 F.2d 643 (3d Cir. 1984); *Cox v. Hutto*, 589 F.2d 394 (8th Cir.1979) (*per curiam*); *Wright v. Craven*, 461 F.2d 1109 (9th Cir.1972) (*per curiam*). As a result, these circuits have applied the *Boykin* standard to such pleas. This circuit has not adopted this position, but "[i]t has employed a similar framework in rejecting challenges to enhancement pleas on the ground that the 'totality of the circumstances' in the record demonstrates that the plea was voluntary and intelligent." *Holloway v. Lynaugh*, 838 F.2d 792 (5th Cir.) (citing *Long v. McCotter*, 792 F.2d 1338, 1346 (5th Cir.1986)), *cert. denied*, —— U.S. ——, 109 S.Ct. 104, 102 L.Ed.2d 80 (1988).[3]

In *Neyland v. Blackburn*, 785 F.2d 1283 (5th Cir.), *cert. denied*, 479 U.S. 930, 107 S.Ct. 399, 93 L.Ed.2d 352 (1986), the petitioner attacked his sentence enhancement under the Louisiana multiple offender statute by asserting that his counsel's admissions concerning his prior convictions were the functional equivalent of a plea of guilty and were not accompanied by the admonitions required by *Boykin*. Without deciding whether the *Boykin* standards apply, this court found that the totality of the circumstances indicated that petitioner was

---

**3.** The state argues that the proper test to use is the ineffective assistance of counsel test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Although we intimated in *Neyland* that this may be the preferable test, we have never adopted it. To do so now, in light of our decisions subsequent to

*Neyland* that have applied the totality of the circumstances test, would violate this circuit's long-standing rule that no panel of this circuit can overrule a decision previously made by another. *Ryals v. Estelle*, 661 F.2d 904, 906 (5th Cir.1981).

aware of the consequences of his counsel's admission of his prior conviction at the multiple offender hearing and that his right to due process was not violated. *Id.* at 1291.

In *Buckley v. Butler,* 825 F.2d 895 (5th Cir.1987), *cert. denied,* — U.S. ——, 108 S.Ct. 1738, 100 L.Ed.2d 201 (1988), the record did not show that the defendant was informed of any specific rights at his sentencing hearing. Nevertheless, *Buckley* denied the *habeas* petition, holding that *Boykin* can have only a limited application to multiple offender sentencing proceedings. *Id.* at 902–04.

*Buckley* noted that the multiple bill proceeding at issue was "[c]losely related, temporally and functionally, to the prior trial of the armed robbery count, and the same defense counsel, prosecutor, court and judge were involved in each." *Id.* at 902. Finding that the defendant admitted his prior convictions in open court and on the advice of counsel, it was clear that defendant knowingly and voluntarily admitted his prior conviction, and to the extent that *Boykin's* requirements were applicable, they were satisfied.

In *Joseph v. Butler,* 838 F.2d 786 (5th Cir.1988), petitioner alleged that his admission of the multiple offender charge was invalid because the record from state court did not demonstrate that the plea was voluntary and intelligent. Relying on *Buckley,* the court found that the *habeas* petitioner was aware of his rights and, therefore, was not denied due process:

> There is no indication that the judge directly informed Joseph of his rights at the multiple offender proceeding. From the record, we know only that the presentencing investigation had disclosed Joseph's prior convictions, that the state filed a 'multiple bill' against Joseph, that Joseph's attorney entered a plea of guilty to the multiple bill, and that trial judge questioned Joseph personally about the convictions. The judge did not tell Joseph that he had a right to trial on the sentencing facts or that he had the right to remain silent. In addition, the judge did not ask Joseph whether his plea was entered voluntarily and not as a result of coercion.
>
> Despite the omissions in the record, however, we do know that Joseph was represented by counsel and that, on advice of counsel, he pleaded guilty to the multiple offender charge. We also know that the sentencing hearing was conducted a short time after the original guilty plea to the substantive offense, and in the same court and before the same judge. Also, the same prosecutors represented the state, and lawyers from the same Indigent Defender's Office represented Joseph. Furthermore, as in *Buckley,* the admissions at issue here were not general guilty pleas but admissions to direct, fact-specific questions, answered with the advice of counsel. Therefore, we hold that to the extent *Boykin's* requirements are applicable to multiple offender proceedings, the record in this case satisfies the requirements.

*Id.* at 790–91. *See also Holloway,* 838 F.2d 792.

We can find little to distinguish the facts surrounding Swift's multiple offender proceeding from those found in *Joseph* and *Buckley.* Swift's sentencing hearing was held two weeks after his conviction, in the same court before the same judge. The same prosecutors represented the state, and Swift was represented by the same counsel. While the sentencing judge did not directly inform Swift of his right to remain silent and his right to trial on the sentencing facts, both he and his counsel admitted his prior felony conviction. Additionally, the admissions at issue were not general guilty pleas but admissions to direct, fact-specific questions, answered with the advice of counsel.* Additionally, at the evidentiary hearing held by the magistrate, Swift's counsel testified that he advised Swift of the maximum penalty he could receive under the multiple bill.

It is not clear from the magistrate's report and recommendation whether he properly evaluated Swift's claim considering the

---

* See appendix for the relevant part of the colloquy.

totality of the circumstances. Furthermore, the finding that Swift unknowingly admitted a prior conviction cannot be dismissed as harmless, since the error complained of contributed to the state court's finding that Swift was a multiple offender. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). It is therefore necessary to remand to the district court for the application of the "totality of the circumstances" test to Swift's claim.

## CONCLUSION

The district court's denial of Swift's *habeas* petition on the sufficiency of the evidence issue is AFFIRMED. On the multiple offender proceeding issue, it is REVERSED and REMANDED for proceedings consistent with this opinion.

## APPENDIX

PROSECUTOR:

Your Honor, the matter of Robert C. Swift, 291–602. The matter is here for a sentencing. At this time, the State would like to file a bill of information alleging that the defendant is a multiple offender, and that he has been previously convicted in case 255–251, of the docket of Section B of Criminal District Court, for the Parish of Orleans, for simple burglary, on February 8, 1977.

COURT:

What's this about?

PROSECUTOR:

Your Honor, this matter is here for sentencing today. At this time, the State will file a bill of information, alleging that Mr. Swift is a multiple offender.

. . . . .

COURT:

. . . . .

Alright, sir, you represent the defendant?

DEFENSE COUNSEL:

I'm Lawrence McGrath, Your Honor, for Mr. Swift.

COURT:

And, what is your plea, with respect to this?

DEFENSE COUNSEL:

He admits that he is the same man who was convicted by a jury in that charge.

COURT:

Q  Robert C. Swift, you heard what your attorney said, you admit that you are the same man who was convicted in Section B, in case number 291–602, for the crime of simple burglary of an inhabited dwelling. And, that you were placed on trial on January 12, 1983, and that you were found guilty as charged. Is that correct, sir?

DEFENDANT SWIFT:

A  Yes, sir.

COURT:

Q  You want to stand by the microphone, so it'll go on the recording?

A  Yes, sir.

Q  Alright. This also alleges that you are the same man who was charged in case number 255–251, Section B, of the docket of this Court, for the crime of simple burglary. And, that you were tried before a jury and found guilty as charged on February 8, 1977, at which time you were sentenced to serve eight years and eleven months. Is that correct?

It also alleges that you one and the same person who has these two prior convictions. Is that correct?

A  Yes, sir.

Q  Alright. What about sentence, sir?

DEFENSE COUNSEL:

We can go forward with sentencing now, Your Honor. We can go forward with sentencing today, Your Honor.

COURT:

You are ready for sentencing?

DEFENSE COUNSEL:

Yes, sir, we are.