LINDSAY, Judge.
The defendant, Lonnie Rhodes, Jr., was convicted of simple burglary of an inhabited dwelling, in violation of LSA-R.S. 14:62.-2, and sentenced to twelve years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant appeals his conviction. For the following reasons, we affirm.
*586 FACTS
On the morning of June 30, 1988, the victim, Earnic'e Keel, left her trailer home in Minden to go to work. In the afternoon, upon returning, she discovered that her home had been burglarized. Ms. Keel found the back door had been pried open. Among the items stolen from the mobile home were a television set, a VCR, a jewelry case containing several items of jewelry (including a matching necklace and bracelet set), an Avon eyeglass case, an unspecified number of coins in a Crown Royal bag, a pillowcase, a bed sheet and meat from the freezer.
Ms. Keel summoned the authorities. Pri- or to their arrival, Ms. Keel spoke to Carmen Striplin, the fourteen-year-old sister of her neighbor who lived across the highway. Miss Striplin, whose sister’s home was about 100 yards from the victim’s home and about 50 yards from the road, informed Ms. Keel that she had seen a ma-roonish-red car with a gray stripe drive past her mobile home several times that afternoon. She also described the driver. She saw the car disappear behind the victim’s mobile home; it left at a high rate of speed about forty-five minutes later.
Deputy Gary Valentine of the Webster Parish Sheriff’s Department arrived at the victim’s home at about 6:45 p.m. Based upon the Striplin girl’s description of the car and its driver, Ms. Keel told Deputy Valentine that she believed the defendant was the burglar. The defendant had been at her home with his cousin Rudolph Flan-nigan (a friend of the victim) two days before the burglary; he had returned alone the day before the burglary.
Before leaving the crime scene, Deputy Valentine discovered some footprints and tire tracks outside the mobile home. He marked and covered them for protection. The next morning, he and Deputy Howard Robinson made plaster casts of the tire tracks and the footprints. The tire tracks proved to be unusable. Additionally, Deputy Valentine unsuccessfully attempted to lift usable fingerprints from the back door.
At about 5:00 a.m. on the morning after the burglary, the Minden police observed the defendant driving a small maroon Honda automobile with gray stripes which matched the description of the vehicle given by Miss Striplin. He was arrested and charged with burglary of an inhabited dwelling. The defendant's vehicle was impounded and subsequently searched pursuant to a search warrant. Among the items recovered from the vehicle was a pry bar found on the front floorboard on the driver’s side. A Crown Royal bag containing jewelry and a zippered black corduroy eyeglass case was found under the hood of the car in a small compartment between the fire wall and the engine. A small glass jar full of pennies was found on the back floorboard. While the vehicle was impounded, it was identified by Miss Striplin as the car she had seen at the victim’s house on the day of the burglary.
On August 8, 1988, a bill of information was filed, charging the defendant with burglary of an inhabited dwelling.
Trial was held on November 21 and 22, 1988. The state presented the testimony of Deputy Valentine, Ms. Keel and Miss Strip-lin. In her testimony, Ms. Keel identified the jewelry and the eyeglass case found in the defendant’s car as items stolen from her home in the burglary. Miss Striplin identified the car and testified that the defendant was the driver of the car when it disappeared behind the defendant’s trailer home.
Also testifying were the two Minden police officers who arrested the defendant, and Deputy Howard Robinson, who took Miss Striplin to view the defendant’s car at the impound lot. Further, Richard Beigh-ley, a criminalist with the North Louisiana Crime Lab, who examined the plaster casts of the shoe impressions from the crime scene, testified that the pattern of the shoe impressions was generally consistent with those of the shoes the defendant was wearing when arrested. James R. Gobel, who also worked at the North Louisiana Crime Lab, testified as to his analysis of paint traces from the pry bar found in the defendant’s car. He testified that he found traces of white and brown paint on the pry bar, which were similar in color to paint *587 samples taken from the back door of the victim’s mobile home.
The defense presented the testimony of the defendant’s mother, Mary Faye Lewis. She testified that the maroon car at issue was registered in her name. She further testified that the car was used not only by her son, but also by her cousin Rudolph Flannigan. Mrs. Lewis stated that Flanni-gan and the victim were “intimate friends” and that he often used the maroon Honda to go to the victim’s house.
At the conclusion of the trial, the jury returned a unanimous verdict of guilty. On January 10, 1989, the state filed a multiple offender bill against the defendant. However, it was not pursued. On February 10, 1989, the defendant was sentenced to serve twelve years at hard labor, without benefit of parole, probation, or suspension of sentence.
The defendant appeals from his conviction. He assigns the following as error: (1) The trial court erred in admitting into evidence the testimony of Officer Robinson as to Miss Striplin’s identification of the maroon Honda; (2) the trial court erred in admitting (a) the plaster casts of the shoe impressions and the defendant’s tennis shoes, and (b) the pry tool; (3) the jury erred in finding evidence sufficient to support the conviction; and (4) any errors patent.
WITNESS’S IDENTIFICATION OF CAR
The defendant contends that the trial court erred in allowing Officer Robinson to testify as to the Striplin girl’s identification of the defendant’s car. He argues that Officer Robinson’s testimony was inadmissible hearsay which was prejudicial and that it was not part of the res gestae.
Hearsay evidence is the testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. State v. Feeback, 414 So.2d 1229 (La.1982); State v. Parker, 506 So.2d 675 (La.App. 5th Cir.1987), writ denied 512 So.2d 456 (La.1987). Hearsay evidence is inadmissible in a criminal trial, unless it falls within one of the specifically designated exceptions. LSA-R.S. 15-.434.[1]
In the instant case, the trial court overruled the defense objection to the state’s inquiry of Officer Robinson as to whether Miss Striplin identified the defendant’s car. In so doing, the trial court reasoned that, while the rule pertaining to hearsay prevented the officer from repeating Miss Striplin’s statements, he could disclose whether or not she made an identification of the vehicle. The trial court also noted that Miss Striplin herself had already testified on the subject.
Assuming arguendo that Officer Robinson’s statement was hearsay, its introduction was harmless error. Miss Striplin had already testified, under oath and subject to cross examination, that she identified the car she viewed at the impound lot as the one she saw the afternoon of the burglary. The testimony of the officer who took her to view the vehicle was simply cumulative and corroborative of Miss Striplin’s testimony in court. See State v. Ford, 336 So.2d 817 (La.1976); State v. Johnson, 443 So.2d 744 (La.App. 4th Cir.1983).
Therefore, any error was harmless and ' does not require reversal of the defendant’s conviction. LSA-C.C.P. Art. 921.
ADMISSION OF EVIDENCE ANALYZED BY CRIME LAB
The defendant argues that the trial court erred in admitting into evidence the following items: (a) the plaster casts of the shoe impressions made at the crime scene and the tennis shoes the defendant was wearing at the time of his arrest; and (b) the pry bar seized from the defendant’s car. He contends that there were not enough identifying characteristics to positively connect, the items to the crime charged. Therefore, he argues that these items of evidence were irrelevant and prej *588 udicial, particularly in light of the victim’s admission that the defendant had been at her home on the two days preceding the burglary.
The defendant objected to the admission of the plaster casts of the footprints and the tennis shoes during the testimony of Mr. Beighley of the crime lab. Mr. Beigh-ley testified that he was only able to determine the general characteristics of the shoes that made the impressions found at the crime scene because of the poor quality of the plaster casts. However, he found that it was possible that the defendant’s shoes made the impressions. He stated that the general patterns were consistent, each having a similar “Chevron tread” pattern. However, he also testified that other shoes could have made the impressions, and that if the weather had been dry for two or three days before the plaster casts were taken, the prints could have been made prior to the burglary.
The defendant objected to the admission of the pry bar during the testimony of Mr. Gobel, the crime lab expert who testified that the traces of white and brown paint found on the pry bar were similar in color to paint samples taken from the victim’s back door. However, there was insufficient paint on the pry bar for him to scientifically analyze and determine whether it was the same paint.
In overruling both objections, the trial court found that the items were relevant and therefore admissible, leaving to the jury the weight to be given to the evidence. The court further stated that the defense counsel had thoroughly cross examined the witnesses and made the jury fully aware of any weaknesses concerning the evidence.
To admit demonstrative evidence at trial, the law requires that the object be identified. Identification need not be absolute, certain or wholly qualified. Where there is some evidence for identification purposes, objection to the sufficiency goes to the weight rather than admissibility. For admission, it suffices if the preponderance of the evidence establishes it is more probable than not the object is connected with the case. State v. Mills, 505 So.2d 933 (La.App. 2d Cir.1987), writ denied 508 So.2d 65 (La.1987).
Determination of admissibility by the trial court is within its sound discretion and such a ruling will not be disturbed on appeal unless there is a clear abuse of discretion. State v. Scott, 454 So.2d 851 (La.App. 5th Cir.1984). The tennis shoes and the pry bar were directly connected to the defendant; the plaster casts and paint samples from the victim’s back door, the burglar’s point of entry, were all related to the crime. Through the testimony of its two expert witnesses, the state produced sufficient testimony to establish that it was more probable than not that the items connected with the defendant were likewise connected to the crime. If fell within the province of the jury, which had all the evidence before it, to determine the weight of the evidence in relation to the crime charged.
We find no error in the trial court’s ruling to leave the weight to be assessed to the evidence to the jury. This assignment of error has no merit.
SUFFICIENCY OF EVIDENCE
The defendant argues that the jury erred in finding that the state presented sufficient evidence to support his conviction for burglary of an inhabited dwelling. Specifically, the defendant attacks, as unduly suggestive, Miss Striplin’s identification of him as the driver of the car. He also contends that he was convicted on circumstantial evidence which did not exclude every reasonable hypothesis of innocence.
Evidence, whether direct or circumstantial, is constitutionally sufficient to support a conviction if, after viewing it in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the crime charged, including the identity of the defendant as the perpetrator of the crime. LSA-C.Cr.P. Art. 821; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The statutory rule contained in LSA-R.S. 15:438 that circumstantial evidence, when used to convict, must exclude every reason *589 able hypothesis of innocence does not establish a stricter standard of review than that articulated in Jackson. It merely provides the jury with a guideline when considering the evidence and facilitates appellate review of a rational juror’s finding of guilt beyond a reasonable doubt. State v. Peters, 468 So.2d 1342 (La.App. 1st Cir.1985), writ denied 475 So.2d 356 (La.1985); State v. Arrington, 514 So.2d 675 (La.App. 2d Cir.1987).
During her trial testimony, fourteen-year-old sixth grader Carmen Striplin positively identified the defendant as the man she saw driving the maroon car to the victim’s home. However, she was unable to recall what the defendant was wearing and whether he had facial hair that afternoon. Nor could she recall whether the car windows were tinted.[2]
Miss Striplin stated that the officers showed her an individual photo of the defendant, but she had not been shown a photo lineup.
While the fourteen-year-old witness’ identification of the defendant is arguably suggestive, suggestiveness is not enough. There must also be a likelihood of misiden-tification. Factors to be considered in determining the reliability of an identification are: (1) the witness’ opportunity to view the suspect at the time the crime was committed; (2) the degree of attention paid by the witness during the commission of the crime; (3) the accuracy of any prior description; (4) the level of the witness’ certainty displayed at the time of identification; and (5) the length of time that lapsed between the crime and the identification. State v. Cotton, 511 So.2d 1207 (La.App. 2d Cir.1987).
While Miss Striplin was not in a position to observe the defendant during the commission of the offense, she apparently paid great attention to the car driving back and forth along the road in front of her sister’s home. She was able to give Ms. Keel a sufficient description of both the car and the driver that Ms. Keel immediately informed the officers that she believed she knew the identity of the burglar. It was this identification that led the police to the defendant’s automobile, which contained items stolen from Ms. Keel’s home. Therefore, while possibly suggestive, we are not persuaded that Miss Striplin’s identification of the defendant was unreliable.
The defendant further argues that he was convicted upon circumstantial evidence which did not exclude every reasonable hypothesis of innocence. We disagree. An examination of the record reveals the following facts. Two days before the robbery, on Tuesday, the defendant and his cousin Rudolph Flannigan stopped by the victim’s home, at which time Rudolph introduced the defendant to the victim. The men arrived in a maroon Honda driven by the defendant, a vehicle which the victim had not seen before. On the next day, a Wednesday, the defendant again stopped by the victim’s home. On Thursday when the victim returned home from work, she discovered that her home had been burglarized. A teenager visiting across the street from the victim’s home saw a car driving suspiciously up and down the road and then pulling behind the victim’s house at the approximate time of the offense. The teenager’s description of the driver and his vehicle matched the defendant and his mother’s car.
Subsequently, the police arrested the defendant who was driving the car in question. Several items stolen from the victim’s home were found in the defendant’s car. At least two of these items, a matching necklace and bracelet set, were unique. They were special awards presented to the victim by Avon seven or eight years before the burglary. They were concealed in an eyeglass case which the victim identified as also being hers. This case containing the jewelry was concealed in a Crown Royal bag hidden under the hood of the car. A Crown Royal bag full of coins had also been stolen in the burglary. Finally, a pry tool was found in the vehicle which had similarly colored paint to that found on the *590 victim s back door, which was the burglar’s point of entry.
In support of a hypothesis of innocence, the defendant has suggested that the jewelry and other items found in the automobile in question were not those of Ms. Keel. However, the victim positively identified these items as her property. The defendant also argues that Miss Striplin’s identification of him as the driver was suggestive, apparently implying that she could have mistaken him for his cousin'Rudolph, who allegedly drove the vehicle on occasion. The jury was presented with conflicting evidence which required that it make a credibility determination between witnesses. As to the possibility that the defendant’s cousin committed the burglary, the jury obviously chose to believe the identification testimony of Miss Striplin. The jury also accepted the testimony of the victim that she had never seen the cousin drive the Honda over that of the defendant’s mother, who claimed the cousin frequently drove it to the victim’s house. Such credibility determinations are well within the jury’s province and will not be disturbed on appeal, as they are not clearly contrary to the evidence. State v. Scott, supra.
Based on the foregoing, we find that the record contains sufficient evidence to support the defendant’s conviction for simple burglary of an inhabited dwelling. The testimony of Miss Striplin places the defendant at the crime scene at the approximate time of the commission of the offense. This testimony is corroborated by physical evidence — namely the shoe impressions found at the crime scene and the paint on the pry tool found in the defendant’s car. Also, several items taken in the burglary were subsequently recovered from an automobile driven by the defendant. When viewed in the light most favorable to the prosecution, this evidence is sufficient to support the defendant’s conviction.
This assignment of error has no merit.
ERRORS PATENT
This court has examined the record for errors patent. After careful examination, we find no such errors.
This assignment of error has no merit.
CONCLUSION
For the foregoing reasons, the defendant’s conviction is affirmed.
AFFIRMED.

. This article, which was in effect at the time of defendant’s trial, was repealed by the introduction of the new Code of Evidence. However, the same rule is found in LSA-C.E. Art. 802.

. In addition to Miss Striplin, several other witnesses were unable to recall this particular detail, including Deputy Valentine, Ms. Keel, Officer Robinson, and one of the arresting officers.